MR. JUSTICE HUNT
delivered the Opinion of the Court.
This is an appeal from a judgment of the Workers’ Compensation Court awarding Stephanie Sandahl survivorship benefits of $211.77 per week. We reverse and remand.
*209 The only issue on appeal is whether periods of forced idleness should be excluded when calculating the compensation rate for beneficiaries of a deceased fulltime employee.
Michael Sandahl was killed on November 1, 1984 when his log truck overturned on an icy highway west of Kalispell. He was 33 years old at the time of his death and is survived by his wife Stephanie and two children.
Sandahl began his employment with James A. Slack, Inc. on January 2, 1984 as a driver of a log truck and like the other drivers employed by Slack, was paid a percentage of the amount he grossed with his truck. There was no salary or set hours of employment and no written contracts existed between Slack and its employees. Drivers worked a five day work week but the average work day exceeded eight hours. However, there were times the drivers could not work due to equipment failures or spring break-up. The log truck drivers earned between $30 — $70 per load, depending on the distance the logs were hauled.
The insurer accepted liability for Sandahl’s death and began paying benefits to Stephanie at the rate of $200.36 per week. Stephanie filed a petition in the Workers’ Compensation Court requesting that her benefit rate be raised to the maximum $286 per week. The Workers’ Compensation Court held that her benefits should be increased but only by $11.41 per week to $211.77. She appeals.
Section 39-71-721, MCA, provides for the payment of death benefits to the beneficiaries of a worker killed in the course of his employment as follows:
“39-71-721. Compensation for injury causing death. (1) If an injured employee dies and the injury was the proximate cause of such death, then the beneficiary of the deceased, as the case may be, is entitled to the same compensation as though the death occurred immediately following the injury, but the period during which the death benefit is paid shall be reduced by the period during or for which compensation was paid for the injury.
“(2) To beneficiaries as defined in Subsections (2) (a) through (2)(b) of 39-71-116, weekly compensation benefits for injury causing death are computed at 66-% % of the decedent’s wages. The maximum weekly compensation benefits may not exceed the state’s average weekly wage. The minimum weekly compensation for death is 50% of the state’s average weekly wage, but in no event may it exceed the decedent’s actual wages at the time of his death . . . “
Wages is defined in Section 39-71-116(20), MCA, as:
*210 . . the average gross earnings received by the employee at the time of the injury for the usual hours of employment in a week, and overtime is not to be considered. Sick leave benefits accrued by employees of public corporations, as defined by Subsection (16) of this section, are considered wages.”
In this case, the difficulty stems from determining what the “usual hours of employment in a week” would be. The insurer averaged the deceased’s salary from the time he started working for Slack ($12,743.48) over the entire time of his employment (42.4 weeks). The insurer included in that time those weeks when the deceased did not work because of equipment failure and spring break-up, but did not include the week James A. Slack, Inc. closed down for hunting season. The insurer calculated the decedent’s benefits as follows:
$12,743.48 42.4 = 300.55
300.55 X 2 = 601.11
601.11 3 = 200.36
It paid Stephanie $200.36 per week in benefits.
The Workers’ Compensation Court concluded that the decedent’s benefit rate should be based on the preceding four pay periods or 8 weeks. The Workers’ Compensation Court also discounted the week for hunting season. The decedent’s earnings were:
[[Image here]]
*211 Thus the preceding 4 pay periods included three weeks during which the decedent did not work. Two of those weeks of unemployment were due to equipment failures, one week was hunting season. The Workers’ Compensation Court included the weeks during which decedent did not work because of equipment failures, but excluded the week of hunting season. Thus the Workers’ Compensation Court figured the benefit rate as follows:
9/01/84 - 9/15/84 $ 496.16
9/16/84 - 9/30/84 416.24
10/01/84 - 10/15/84 1,114.33
10/16/84 - 10/31/84 377.89
$2,404.62
$2,404.62 -5- 7 4/7 or 7.57 = 317.65
317.65 X 2 = 635.31
635.31 + 3 = 211.77
On appeal, Stephanie contends that the periods of forced idleness should not be included in the calculation. She contends it is unfair to penalize her husband for the time he could not work due to equipment failures, especially when he was not penalized for the week off due to hunting season.
We have addressed the issue of how to calculate wages on several prior occasions, however, one case in particular is applicable to the situation at hand. In Infelt v. Horen (1959), 136 Mont. 217, 346 P.2d 556, we dealt with a logger who was injured when a log rolled over him. The employer claimed that at the time of the injury the claimant was making $41.17 per week. The claimant testified that he was not making much money when the injury occurred because the snow was too deep to work. He testified that he normally made $100 per week. We held that, “. . . enforced idleness because of weather conditions should not be considered in computing the average weekly wage.” 136 Mont, at 222, 346 P.2d at 558. We also stated that is was unfair to measure claimant’s wages at the time he was injured by the amount he received when the snow was so deep he could not work. Id. Likewise, in this case, the prior four pay periods happen to include two weeks during which the decedent could not work due to equipment failures. To include the periods of forced idleness in the *212 calculations unfairly penalizes the decedent. When the enforced idleness is properly excluded, the correct calculations are as follows:
9/01/84 - 9/15/84 $ 496.16
9/16/84 - 9/30/84 416.24
10/01/84 - 10/15/84 ' 1,114.33
10/16/84 - 10/31/84 377.89
$2,404.62
$2,404.62 5.57 = 431.70
431.70 X 2 = 863.40
■ 863.40 + 3 = 287.80
Because the maximum statutory rate in effect at the time of decedent’s death was $286 per week pursuant to Section 39-71-721, MCA, Stephanie is limited to that amount.
Reversed and remanded for findings consistent with this opinion.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES SHEEHY, WEBER and MORRISON concur.