No. 88-459

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

FRANK STUBER,

        Claimant and Respondent,

    -vs-

MOODIE IMPLEMENT,
        Employer,
    and

JOHN DEERE INSURANCE COMPANY,

        Defendant Insurer and Appellant.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
              Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver; K. Dale
        Schwanke, Great Falls, Montana

    For Respondent:

        Torger S. Oaas, Lewistown, Montana

---

Submitted on Briefs:  Dec. 16, 1988

Decided:  February 17, 1989

Clerk

FILED
Filed
'89 FEB 17 PM 2 04
ED SMITH, CLERK
MONTANA SUPREME COURT

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

John Deere Insurance Company (insurer) appeals from a judgment of the Workers' Compensation Court awarding claimant Frank Stuber temporary total disability benefits. Insurer contests the rate of disability payments awarded to Stuber. We affirm the Workers' Compensation Court and remand for a determination of costs and attorney's fees incurred by Stuber in this appeal.

The question presented for review is as follows:

1) When a full-time employee who works overtime hours that fluctuate on a seasonal basis is injured during the season of peak overtime, can a fair and reasonable approximation of the employee's usual wages be arrived at by crediting the employee with the average number of overtime hours worked during the four pay periods preceding the accident causing the injury?

Claimant Stuber was employed by Moodie Implement, a farm implement dealer. In addition to his regular 40-hour week, Stuber was expected to work overtime hours as needed. No contract existed with regard to the amount of overtime, and at no time was Stuber guaranteed that overtime would be available. The amount of overtime varied from week-to-week. Generally, a substantial number of extra hours were required between the months of April and September. The work slowed during the late fall and winter.

During the busy season, on August 6, 1983, Stuber injured his lower back in an industrial accident. He continued to work after the accident until, approximately two and one-half months later, the severity of the injury forced him to quit.

On March 1, 1984, Moodie Implement's insurer, John Deere Insurance Company, commenced paying Stuber disability benefits at a rate of $190.45 per week. Insurer arrived at this figure by averaging the amount of overtime Stuber worked during his last three pay periods, those that occurred subsequent to the accident. Insurer thus calculated that Stuber's usual weekly wage included an average of 7.9 hours of overtime.

Stuber petitioned the Workers' Compensation Court for a ruling that the insurer had underpaid his disability benefits. The parties submitted the case to the court on stipulated facts. The court concluded that the insurer had underpaid the disability benefits, finding that the overtime hours should have been averaged over the four pay periods preceding the accident. Using overtime figures from these pay periods, the court determined that Stuber's usual weekly wage included 14.7 hours of overtime, entitling Stuber to a disability payment of $237.04 per week. The court awarded Stuber attorney's fees and costs of $1,860.34 but denied his request for a 20% penalty against insurer for unreasonable delay in paying benefits.

At the time of Stuber's injury, the Workers' Compensation Act, §§ 39-71-101 through 39-71-2909, MCA (1983), did not set out a formula for computing wages. The act simply defined wages as "the average gross earnings received by the employee at the time of the injury for the usual hours of employment in a week, and overtime is not to be considered." Section 39-71-116(20), MCA (1983). In Coles v. Seven Eleven Stores (Mont. 1985), 704 P.2d 1048, 1052, 42 St.Rep. 1238, 1242, we held that overtime hours that are consistently and regularly part of the claimant's work record constitute "usual hours of employment." Neither party disputes the contention that Stuber's overtime is includable

in the computation of his average gross earnings. Rather, the dispute centers over the proper number of pay periods the Workers' Compensation Court must consider when calculating the usual overtime hours of an employee whose overtime fluctuates with the seasons.

Insurer argues that the Workers' Compensation Court erred by considering only those overtime hours accumulated by Stuber in the four pay periods preceding the accident. Insurer maintains that because those four pay periods occurred during the season of peak overtime, they are not of sufficient length to take into account the seasonal variations in Stuber's overtime hours. In order to reach a fair and reasonable approximation of his usual weekly wages, insurer contends, Stuber's total number of overtime hours must be averaged over his total number of weeks of employment with Moodie Implement.

Insurer relies on Infelt v. Horen (1959), 136 Mont. 217, 346 P.2d 556, to support its position. Infelt, however, can be distinguished from the present case. Infelt involved a determination of partial disability under the predecessor to § 39-71-703, MCA (1983). The instant case, on the other hand, involves the computation of temporary total disability benefits under § 39-71-701, MCA (1983). We have previously stated that the issue of earning capacity involved in a determination of partial disability is not the same as the issue of compensation involved in a total disability case. Hutchison v. General Host Corp. (1978), 178 Mont. 81, 89, 582 P.2d 1203, 1207.

The statute governing compensation for injuries producing temporary total disability provides that "[w]eekly compensation benefits for injury producing total temporary disability shall be 66 2/3% of the wages received at the time of the injury." (Emphasis added.) Section 39-71-701, MCA

- 4 -

(1983). Likewise, the statute defining wages mandates a calculation of wages "at the time of the injury." Section 39-71-116(20), MCA (1983). Neither statute requires an averaging of earnings over an employee's entire employment history, as the insurer urges us to do in this case. As long as the rate of disability fairly and reasonably approximates the wages earned at the time of injury, this Court will uphold the method used by the Workers' Compensation Court to determine a claimant's usual hours of employment.

In the present case, the Workers' Compensation Court determined Stuber's usual number of overtime hours by averaging his overtime over the four pay periods preceding the accident. We note that the legislature adopted this method of computation when it amended the Workers' Compensation Act in 1987. New § 39-71-123(3), MCA, provides that an employee's wages shall be averaged over the four pay periods preceding the injury unless the claimant, and only the claimant, can show that the use of the four pay periods does not accurately reflect his employment history. We recognize that the 1987 amendments are not dispositive of the present issue because they were enacted subsequent to the injury in question. We find it helpful, however, to refer to these amendments for guidance as to the definition of fair and reasonable compensation. As the legislature has specifically approved the method of calculation used by the Workers' Compensation Court in this case, we cannot say that it is an unreasonable or unfair method by which to determine an employee's average weekly wage.

Stuber injured his back on August 6, 1983. He continued his employment with Moodie Implement until approximately October 24, 1983, when he could no longer work due to the severity of his injury. Insurer argues that the Workers' Compensation Court erred by failing to include in its

- 5 -

computation of average overtime hours the pay periods worked by Stuber subsequent to his accident.

As noted previously, disability benefits are based on the wages received by the claimant "at the time of the injury." Section 39-71-701, MCA (1983). Injury is defined as "a tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal physical harm and such physical condition as a result therefrom . . ." Section 39-71-119, MCA (1983). Insurer maintains that the statutory definition of injury is broad enough to encompass both the date of the accident and the date of the resulting disablement. Insurer points out that other jurisdictions have held that it is more appropriate to compute wages as of the time of the disablement, rather than the time of the accident. We note, however, that in both of the cases referred to by the insurer, Pepsi Cola Bottling Co. v. Long (Miss. 1978), 362 So.2d 182, and Ranger v. New Hampshire Youth Development Center (N.H. 1977), 377 A.2d 132, the disablement occurred years after the accident. In the instant case, by contrast, the lapse of time between the accident and the disablement is a mere two and one-half months. In these circumstances, when the disablement occurs shortly after the accident, the appropriate time from which to figure usual wages is the pay period preceding the date on which the accident occurred.

Stuber requests his attorney's fees and costs incurred in this appeal. Section 39-71-612, MCA (1983), provides that a claimant may recover his costs and attorney's fees when controversy arises over the amount of compensation due and the Workers' Compensation Court awards the claimant an amount greater than that paid by the insurer. The purpose of this provision is to avoid diminishing a claimant's disability award by forcing him to pay attorney's fees incurred in

- 6 -

successfully pursuing his claim. Holton v. F. H. Stoltze Land & Lumber Co. (1981), 195 Mont. 263, 270, 637 P.2d 10, 14. Likewise, an award of attorney's fees to a claimant who successfully defends the rate of compensation on appeal is necessary to preserve intact his disability benefit. We therefore remand to the Workers' Compensation Court for a determination of reasonable costs and attorney's fees incurred by Stuber in this appeal.

We affirm the Workers' Compensation Court's award of disability benefits and remand for a determination of costs and attorney's fees associated with this appeal.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices