No. 92-115

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

---

LON GREGORY,

      Claimant, Respondent and Cross Appellant,

   -vs-

MICHAEL BAILEY & SONS LOGGING,

      Employer,

   and

STATE COMPENSATION MUTUAL INSURANCE FUND,

      Defendant and Appellant.

---

APPEAL FROM:   The Workers' Compensation Court,
               The Honorable Timothy W. Reardon, Judge presiding.


COUNSEL OF RECORD:

      For Appellant and Employer:

      Laurence Hubbard, Attorney at Law, Helena, Montana

      For Respondent and Cross Appellant:

      Robert K. Ogg, Grenfell & Ogg, Missoula, Montana

---

FILED

NOV 12 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  August 20, 1992

Decided:  November 12, 1992

---

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a decision by the Workers' Compensation Court awarding claimant compensation based upon his entire work history with the employer. We affirm.

The issue on appeal is whether the Workers' Compensation Court erred in unreasonably calculating claimant's compensation by considering his entire work history with the employer instead of only the immediate preceding four pay periods.

Claimant, Lon Gregory (Gregory) was hired as a backhoe operator and laborer by Michael Bailey and Sons Logging (Bailey) in July 1989. Bailey is in the logging business which involves seasonal work. The crew of approximately 40 employees usually do not work in the spring and fall of the year. Most of these employees return after layoff. Employees are paid by the month.

Gregory worked from July 1989 until mid-February 1990, when seasonal weather conditions prevented work. He returned to work on June 1, 1990. It is uncontested that Gregory was injured during the course of his employment on August 10, 1990. On August 29, 1991, Gregory filed a petition for hearing before the Workers' Compensation Court alleging that State Compensation Mutual Insurance Fund (State Fund) improperly calculated his "wages" under § 39-71-123, MCA (1989). A hearing was held on November 4, 1991. While responsibility for the injury was uncontested, the Workers' Compensation Court had to calculate the average weekly salary for the purpose of determining compensation.

2

On January 13, 1992, the Workers' Compensation Court issued its Findings of Fact, Conclusions of Law, and Judgment. The court determined that Gregory's average weekly wage for purposes of § 39-71-123, MCA (1989), was $312.00 per week, with a resulting temporary total disability rate of $208.10 per week. The court calculated the compensation by using all weekly earnings for the entire length of time in which Gregory worked for Bailey.

The State Fund appeals this determination. Gregory cross-appealed with the State Fund responding to the cross-appeal.

State Fund argues that the Workers' Compensation Court misapplied § 39-71-123(3), MCA, and that it is appropriate to adjust a claimant's wage determination to account for the seasonal nature of his employment where the job is not inherently full time. Further, State Fund argues that a term of employment does not end when a break in employment with the same employer occurs because of weather conditions or for other reasons of forced idleness. State Fund, therefore, contends that the actual wages earned over the entire span of employment should include off time.

Gregory argues also that the Workers' Compensation Court erred in its calculations. Gregory contends that for purposes of determining compensation benefits, the court should have relied on the hourly calculations of subsection (a) of § 39-71-123(3), MCA. Subsection (a) directs that if the "term of employment" for the same employer is less than four pay periods, a full time employee's wages are computed by multiplying the hourly rate times the number of weekly hours for which the employee was hired to work. Such

3

calculation, argues Gregory, would mean that during those weeks within the preceding four pay periods in which he did not work for Bailey because of the weather, the court should have used the $400 weekly figure to compute his benefits.

This case revolves around the use and interpretation of several statutes. Section 39-71-701, MCA, states:

> (1) . . . a worker is eligible for temporary total disability benefits when the worker suffers a total loss of wages as a result of an injury and until the worker reaches maximum healing . . .
> (3) Weekly compensation benefits for injury producing temporary total disability shall be 66 2/3% of the wages received at time of injury . . .

Section 39-71-123, MCA, states:

> (1) "Wages" means the gross remuneration paid in money, or in a substitute for money, for services rendered by an employee . . .
> (3) For compensation benefit purposes, the average actual earnings for the four pay periods immediately preceding the injury are the employee's wages, except if:
> (a) the term of employment for the same employer is less than four pay periods, in which case the employee's wages are the hourly rate times the number of hours in a week for which the employee was hired to work; or
> (b) for good cause shown by the claimant, the use of the four pay periods does not accurately reflect the claimant's employment history with the employer, in which case the insurer may use additional pay periods.

The Workers' Compensation Court determined that pursuant to § 39-71-123(3)(b), MCA, sufficient cause existed for the court to consider additional pay periods beyond the four mentioned in the main body of subsection three. We agree.

The Workers' Compensation Court concluded that using Gregory's suggested interpretation and formula would provide him with an average monthly amount of money higher than the total sum of money earned in any of the four preceding months before his injury except

4

one. The court found this to be unfair. Likewise, the Workers' Compensation Court determined that use of the State Fund's calculations failed to accurately take into account the seasonal nature of the logging business by including off time. Therefore, for the sake of total fairness, the court considered Gregory's entire employment history with Bailey which constituted 59 weeks of employment. Of those 59 weeks, Gregory worked 31. The court used the total number of work hours (967) stipulated to by the parties and then divided this number by the actual number of weeks worked (31). This comes to 31.2 hours per week which the court multiplied by $10 per hour, Gregory's regular hourly wage, to equal the sum of $312.00. This sum was then multiplied by 66 2/3 percent for compensation of $208.10 per week. The court determined that this calculation gave consideration to periods when Gregory worked little, offset by periods when he worked a disproportionately high number of hours.

We review a Workers' Compensation Court's conclusions of law as to whether the conclusions are correct. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601. Further, "[a]s long as the rate of disability fairly and reasonabl[y] approximates the wages earned at the time of injury, this Court will uphold the method used by the Workers' Compensation Court to determine a claimant's usual hours of employment." Stuber v. Moodie Implement (1989), 236 Mont. 189, 192, 769 P.2d 1205, 1207. Here, the Workers' Compensation Court took into account the seasonal nature of the logging business while still basing its calculations on

5

"actual" hours worked within the employee's total actual work history. We have consistently stated that when calculating compensation, a court should consider the seasonal nature of a job. Infelt v. Horen (1959), 136 Mont. 217, 346 P.2d 556. Yet, precedent also exists for not including periods of forced idleness when computing the average weekly pay. Sandahl v. James A. Slack, Inc. (1987), 225 Mont. 208, 732 P.2d 831.

The record reveals that Gregory worked at a sporadic, seasonal job during 31 out of a total of 59 weeks in which he was employed by Bailey. The record establishes that during his entire employment with Bailey, Gregory worked only a total of 967 hours during these 31 weeks. In its calculations, the court excluded the 18 weeks of forced idleness because of weather. The court then divided the total number of actual hours by the actual number of weeks worked. Such calculation fairly approximates the average weekly salary of Gregory.

Because the court had to consider the seasonal nature of a job and not consider periods of forced idleness, it was required to look to subsection (b) of § 39-71-123, MCA, when considering a fair method of calculations under this set of facts. Gregory's argument pertaining to subsection (a) is inappropriate under this set of circumstances as reliance on it fails to consider any seasonal aspect of his employment.

We conclude that where sporadic, seasonal work is at issue, it is reasonable when calculating "usual" salary to calculate on a larger scale than four pay periods; therefore, reliance on

6

subsection (b) of § 39-71-123, MCA, is appropriate. Fairness demands that sporadic, seasonal employment be determined in such a way as to "accurately reflect the claimant's employment history with the employer" as subsection (b) dictates. See, Stuber, 236 Mont. at 192. Further, it is inappropriate when determining compensation for a sporadic, seasonal job, to rely on subsection (a) of § 39-71-123, MCA, as such calculations will be unreasonable and unfair.

We hold the Workers' Compensation Court did not err in calculating compensation by using claimant's entire work history with the employer instead of only the immediate preceding four pay periods.

Justice

We Concur:

John Conway Harrison

Justices

November 12, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


LAURENCE HUBBARD, Legal Counsel
State Compensation Mutual Insurance Fund
5 South Last Chance Gulch
Helena, MT 59604-4759

ROBERT K. OGG
Grenfell & Ogg
412 West Alder
Missoula, MT 59802


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
      Deputy