No. 93-500

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

EARL DESHNER,

   Claimant and Appellant,

   -v-

TOWN AND COUNTRY FOODS, INC., and
STATE COMPENSATION MUTUAL INSURANCE
FUND,

   Employer, Defendant and
   Respondent.

APPEAL FROM:   Workers' Compensation Court
               The Honorable Timothy J. Reardon, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Tom L. Lewis, Great Falls, Montana

   For Respondent:

      Thomas E. Martello, State Compensation Insurance
      Fund, Helena, Montana

Submitted on Briefs:   June 30, 1994

Decided:   August 30, 1994

Filed:   AUG 3 0 1994

FILED

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from a Workers' Compensation Court Findings of Fact, Conclusions of Law and Judgment awarding the claimant Earl Deshner $167.17 per week as his total temporary disability compensation rate, based upon an average weekly wage of $250.63. We reverse.

The sole issue on appeal is whether the Workers' Compensation Court correctly calculated Deshner's total temporary disability compensation rate.

BACKGROUND

Earl Deshner (Deshner) commenced employment with Town and Country Foods as a stocker in September, 1991 on a full-time basis with some weekly overtime hours. His starting salary was $5.00 per hour but in October of 1991, his salary was raised to $6.00 per hour. He received a $250.00 bonus on December 31, 1991 and on March 1, 1992, his salary was again increased, to $7.25 per hour. On March 17, 1992, he "suffered an industrial injury arising out of and in the course of his employment with Town and Country Foods, Inc." Town and Country accepted liability and paid temporary total disability payments of $153.82 per week.

Deshner filed a petition for hearing on March 8, 1993, contending that his weekly compensation benefits should be $199.89 per week based upon his actual wage at the time of the injury, which was $7.25 per hour. On September 2, 1993, the Workers' Compensation Court filed its Findings of Fact, Conclusions of Law and Judgment, stating that Deshner's total disability compensation

2

rate should be $167.17 per week. The Workers' Compensation Court based its calculations upon the claimant's four pay periods previous to his injury pursuant to § 39-71-701(3), MCA. Deshner's hourly wage during the four preceding pay periods was $6.00 per hour. From this conclusion of the Workers' Compensation Court, Deshner appeals.

STANDARD OF REVIEW

The standard of review for conclusions of law is whether the lower tribunal correctly interpreted the law. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603.

OPINION

In order to determine the proper total temporary disability compensation rate (weekly compensation benefit) for Deshner, we review the applicable statutes. The following excerpts of statutes were in effect at the time of Deshner's injury and control the calculation of wages and weekly compensation benefits:

> **39-71-701. Compensation for temporary total disability - exceptions.** (1) Subject to the limitation in 39-71-736 and subsection (4) of this section, a worker is eligible for temporary total disability benefits when the worker suffers a total loss of wages as a result of an injury and until the worker reaches maximum healing.
> . . . .
> (3) Weekly compensation benefits for injury producing temporary total disability shall be 66 2/3% of the wages received at the time of the injury....
>
> **39-71-123. Wages defined.** (1) "Wages" means the gross remuneration paid in money, or in a substitute for money, for services rendered by an employee....
> . . . .
> (3) For compensation benefit purposes, the average actual earnings for the four pay periods immediately preceding the injury are the employee's wages, except if:

3

(a) the term of employment for the same employer is less than four pay periods, in which case the employee's wages are the hourly rate times the number of hours in a week for which the employee was hired to work; or

(b) for good cause shown by the claimant, the use of the four pay periods does not accurately reflect the claimant's employment history with the employer, in which case the insurer may use additional pay periods.

Deshner argues that the Workers' Compensation Court incorrectly calculated his weekly compensation benefits because it did so on the basis of his previous hourly rate of $6.00 per hour. Deshner contends that at the time of the injury, his salary had been increased to $7.25 per hour, and that is the correct amount to be used to calculate his benefit. He also claims that the Workers' Compensation Court's conclusion conflicts with the plain wording of § 39-71-701(3), MCA. Finally, he asserts that either subsection (a) or subsection (b) of § 39-71-123(3), MCA, should be applied, both authorizing a different calculation of the weekly compensation benefit.

Town and Country counters that § 39-71-123(3), MCA, mandates that the four pay periods preceding Deshner's injury should be utilized to calculate his wages; Deshner's hourly rate for those pay periods was $6.00 per hour. Town and Country states that claimant cannot rely on the language of § 39-71-701(3), MCA, which states that "temporary total disability shall be 66 2/3% of the wages received at the time of injury" because the four preceding pay periods must be used in order to determine "wages." Finally, Town and Country also states that subsections (a) and (b) of § 39-71-123(3), MCA, are inapplicable here.

The difficulty in the present case stems from the fact that

4

the claimant was earning $6.00 per hour for the four pay periods prior to his injury but he was earning $7.25 per hour, a substantially higher wage, at the actual time of the injury. In general, a worker's hourly wage for the four preceding pay periods will be the same as his hourly wage at the time of the injury. Therefore, in most cases, § 39-71-701, MCA, which establishes weekly compensation benefits based on "wages received at the time of the injury" and § 39-71-123, MCA, which establishes weekly compensation benefits based on the worker's salary over the four preceding pay periods, will not conflict. However, in this case, the conflict occurs because there is such a dramatic difference between the two salaries and because Deshner is entitled to be paid benefits which bear a reasonable relationship to his actual wage loss.

Section 39-71-701(3), MCA, states that the weekly compensation benefit for an injury which produces a temporary total disability shall be 66 2/3% of the claimant's wages received at the time of the injury. Deshner's hourly wage at the time of the injury was $7.25 per hour, not the $6.00 per hour used by the Workers' Compensation Court. Deshner was earning $6.00 per hour during the four pay periods prior to his injury. However, he received a raise and his salary increased to $7.25 per hour on March 1, 1992. He was hired and maintained as a fulltime employee working 40 hours per week plus sporadic overtime. Using the formula provided under § 39-71-701, MCA, we calculate the following weekly compensation benefit:

5

```
    $ 7.25          hourly wage at time of injury
x        40         hours worked per week
----------------
    $ 290.00        weekly wages

    $290.00         weekly wages
x    66 2/3 %       percentage to be applied pursuant to
                    § 39-71-701(3), MCA.
----------------
    $193.34         weekly compensation benefit
```

The weekly compensation benefit for Deshner using the hourly wage he was actually earning at the time of injury would be $193.34. However, this compensation rate does not take into account any overtime pay or bonus pay received by Deshner. On remand, the Workers' Compensation Court may also consider whether and, if so, to what extent, overtime pay and bonus pay should be included in determining Deshner's final total temporary disability compensation rate.

The determination of $193.34 as the base compensation rate differs from the Workers' Compensation Court's calculation, which used a $6.00 hourly wage and totalled $167.17. The application of § 39-71-123(3), MCA, used by the Workers' Compensation Court, appears to conflict with § 39-71-701(3), MCA, in the instant case. Section 39-71-123(3), MCA, states that to determine the claimant's weekly compensation benefit, the average actual earnings for the four pay periods preceding the injury should be utilized. However, § 39-71-701(3), MCA, states that weekly compensation benefits shall be 66 2/3% of the claimant's wages "received at the time of the injury." Deshner argued, and we agree, that subsection (b) of §39-71-123(3), MCA, which provides an exception to § 39-71-123(3), MCA, is applicable to the instant case, conforms with § 39-71-701(3),

6

MCA, and authorizes the weekly compensation benefit calculated herein.

Subsection (b) provides an exception to the standard use of the four preceding pay periods to determine the weekly compensation rate. The subsection states that if the claimant can show good cause as to why the use of the four pay periods does not accurately reflect the claimant's employment history, then additional pay periods can be used. According to Deshner's employment history with Town and Country, he was earning $7.25 per hour at the time of his injury, albeit earning $6.00 per hour for the preceding months. A calculation of his weekly compensation rate at an hourly wage of $6.00 does not adequately reflect his employment history. The Workers' Compensation Court should have utilized a pay period which reflected his actual wage at the time of his injury, which was $7.25 per hour. Deshner has demonstrated that there is good cause to use a pay period which accurately reflects his actual wages at the time of the injury to determine his weekly compensation benefit.

This decision also conforms with the public policy of the State regarding wage-loss benefits. Section 39-71-105, MCA, states in pertinent part:

> . . . .
> (1) [i]t is an objective of the Montana workers' compensation system to provide, without regard to fault, wage supplement and medical benefits to a worker suffering from a work-related injury or disease. Wage-loss benefits are not intended to make an injured worker whole; they are intended to assist a worker at a reasonable cost to the employer. Within that limitation, the wage-loss benefit should bear a reasonable relationship to actual wages lost as a result of a work-

7

related injury or disease. (Emphasis added.)

A weekly compensation benefit calculated at $7.25 per hour bears a much more reasonable relationship to Deshner's underline{actual wages lost} as a result of his injury than does a calculation using $6.00 per hour. The appropriate total temporary disability compensation rate (or weekly compensation benefit) is $193.34, calculated by multiplying 66 2/3% by an hourly wage rate of $7.25 at 40 hours per week. Because we are unclear as to how, if at all, the Workers' Compensation Court calculated Deshner's total temporary disability rate with respect to overtime pay and bonus pay, the Workers' Compensation Court should consider these two issues on remand in order to determine Deshner's final compensation benefit rate.

We hold that the Workers' Compensation Court incorrectly determined the claimant's total temporary disability compensation rate because the Workers' Compensation Court should have applied § 39-71-123(3)(b), MCA. We reverse and remand for entry of an order for temporary total disability benefits consistent with this opinion. REVERSED AND REMANDED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

August 30, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Tom L. Lewis
TOM L. LEWIS, P.C.
P. O. Box 2325
Great Falls, MT 59403

Thomas E. Martello
State Compensation Insurance Fund
P. O. Box 4759
Helena, MT 59604-4759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy