No. 96-482

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

SONJA KING,

      Petitioner and Appellant,

  v.

STATE COMPENSATION INSURANCE FUND,

      Respondent and Respondent
             Insurer for

SUPER 1 FOODS,

      Employer.

FILED

APR 29 1997

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court , State of Montana,
                The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Howard Toole, Attorney at Law, Missoula, Montana

    For Respondent:

        Ann E. Clark, Legal Counsel, State Compensation
        Insurance Fund, Helena, Montana

Submitted on Briefs: December 5. 1996

Decided:  April 29, 197

Filed:

_____
                Clerk

Justice Karla M. Gray delivered the Opinion of the Court..

Sonja King (King) appeals from the judgment entered by the Workers' Compensation Court which concluded that she is not entitled to an increase in her permanent partial disability benefits. We affirm.

The sole issue presented on appeal is whether the Workers' Compensation Court erred in concluding that King's permanent partial disability benefits cannot be based on wages from fewer than four pre-injury pay periods.

## BACKGROUND

King went to work in the bakery department at Super 1 Foods (Super 1) in Hamilton, Montana, in December of 1991. She was laid off in January of 1992, but returned to work in February, working less than full time. Starting in March of 1992, King's hours increased.

King sustained a twisting injury to her neck on April 13, 1992, while working as a bakery salesperson. The State Compensation Insurance Fund (State Fund), Super 1's workers' compensation insurer at the time of King's injury, accepted liability and paid medical and disability benefits.

King continued working after her injury and took a new position with Super 1 as a cake decorator. She experienced pain and headaches, however, and eventually sought treatment from a chiropractor. Her chiropractic treatments continued until November of 1993, when the State Fund referred King to Dr. Catherine Capps (Capps), an orthopedic

surgeon, for evaluation. Because King became pregnant in late 1993, Capps' evaluation was delayed.

King continued working up until the birth of her child and then took maternity leave. Capps completed her evaluation and determined that King should not return to work as a bakery salesperson or cake decorator with Super 1. Soon thereafter, the State Fund began paying King temporary total disability benefits. Eventually, Capps concluded that King had reached maximum medical improvement and rated her impairment at six percent of the whole person. The State Fund subsequently converted King's benefits to permanent partial disability.

In February of 1996, King petitioned the Workers' Compensation Court for a determination of several issues, one of which was whether she was entitled to an increase in her permanent partial disability benefits. Prior to trial, the parties stipulated that the only remaining issue was the amount of King's disability benefits and agreed to submit the issue to the court on briefs, together with undisputed facts and exhibits.

King advanced two theories in support of her request for an increase in her permanent partial disability benefit rate. She contended that her benefits should be calculated based on her earnings during the three pay periods immediately preceding her injury or, alternatively, that post-injury pay periods should be considered in calculating her benefits. The Workers' Compensation Court rejected both contentions. It concluded, in pertinent part, that § 39-71-123(3), MCA (1991), does not permit the use of fewer than four pay periods in calculating

3

permanent partial disability benefits when the claimant has worked for the employer for at least four pay periods and determined, on that basis, that King was not entitled to an increase in her permanent partial disability benefits. Judgment was entered and King appeals.

## STANDARD OF REVIEW

The sole issue on appeal asserts error with regard to the Workers' Compensation Court's legal conclusion. We review conclusions of law to determine whether they are correct. Turjan v. Valley View Estates (1995), 272 Mont. 386, 390, 901 P.2d 76, 79 (citing Caekaert v. State Compensation Mutual Ins. Fund (1994), 268 Mont. 105, 111, 885 P.2d 495, 498).

## DISCUSSION

Did the Workers' Compensation Court err in concluding that King's permanent partial disability benefits cannot be based on wages from fewer than four pre-injury pay periods?

Workers' compensation benefits are determined by the statutes in effect on the date of injury. Buckman v. Montana Deaconess Hosp. (1986), 224 Mont. 318, 321, 730 P.2d 380, 382 (citations omitted). Therefore, the 1991 version of the Workers' Compensation Act applies to the calculation of benefits to which King is entitled as a result of her 1992 injury.

As a general rule, the weekly benefit rate for permanent partial disability is 66 2/3% of the wages received at the time of injury. Section 39-71-703(4), MCA (1991). The legislature has defined wages as follows:

> For compensation benefit purposes, the average actual earnings for the four pay periods immediately preceding the injury are the employee's wages, except if:

4

(a) the term of employment for the same employer is less than four pay periods, in which case the employee's wages are the hourly rate times the number of hours in a week for which the employee was hired to work; or

(b) for good cause shown by the claimant, the use of the four pay periods does not accurately reflect the claimant's employment history with the employer, in which case the insurer may use additional pay periods.

Section 39-71-123(3), MCA (1991).

King contends that her benefits should be calculated on the basis of the three pay periods immediately preceding her injury. Because she worked fewer hours--thus, earning substantially reduced wages--in the earliest of the four pay periods referenced in § 39-71-123(3), MCA (1991), she contends that application of the statute to the calculation of her benefits artificially lowers her benefit rate. As a result, she argues that the Workers' Compensation Court erred as a matter of law in applying the statute pursuant to its terms. We disagree.

In construing a statute, courts are "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. By its terms, § 39-71-123(3), MCA (1991), establishes the general rule that workers' compensation benefits are to be determined on the basis of the employee's average actual earnings in the four pay periods immediately preceding the injury.

Section 39-71-123(3), MCA (1991), also contains exceptions to the "four pay period" general rule. The exception set forth in § 39-71-123(3)(a), MCA (1991), creates an alternative method for calculating wages when the employee has worked for the employer for less than four pay periods. Because King worked for Super 1 for more than four pay

5

periods immediately preceding her injury, however, it is undisputed that the exception contained in § 39-71-123(3)(a), MCA (1991), is inapplicable here. Nor does the exception contained in § 39-71-123(3)(b), MCA (1991), which permits the use of additional pay periods in calculating benefits under certain circumstances, permit use of _fewer_ than four pay periods in calculating a benefit rate.

King's assertion of entitlement to a benefit rate based on the three pay periods immediately preceding her injury is not supported by the statutory language defining wages for purposes of compensation benefits under the Act. In essence, she requests a judicial amendment to § 39-71-123, MCA (1991), to add a third exception to the "four pay period" rule. We cannot insert into a statute what the legislature has omitted. See § 1-2-101, MCA.

King urges that using four pay periods to calculate her benefit rate artificially lowers that rate and contravenes the public policy underlying the Act. Specifically, she contends that § 39-71-105(1), MCA (1991), which is part of the legislature's declaration of public policy, requires that her "wage-loss benefit should bear a reasonable relationship to actual wages lost as a result of a work-related injury or disease." King cites to no authority, however, under which we could use this extracted portion of the public policy underlying the Act to vary the specific provisions enacted by the legislature in § 39-71-123, MCA (1991).

Moreover, King's extraction of the "reasonable relationship" language from subsection (1) of § 39-71-105, MCA (1991), ignores other provisions of the public policy declaration. We must consider the statute as a whole. See Gaub v. Milbank Ins. Co. (1986), 220 Mont.

6

424, 427, 715 P.2d 443, 445 (citations omitted). In this regard, § 39-71-105(1), MCA (1991), provides that

> [w]age-loss benefits are not intended to make an injured worker whole; they are intended to assist a worker at a reasonable cost to the employer. Within that limitation, the wage-loss benefit should bear a reasonable relationship to actual wages lost . . . .

In addition, § 39-71-105(4), MCA (1991), expressly provides that the provisions of the Act "must be construed according to their terms and not liberally in favor of any party." Having concluded above that § 39-71-123(3), MCA (1991), does not permit the use of fewer than four pre-injury pay periods in determining King's permanent partial disability benefits, it is clear that adopting King's § 39-71-105(1), MCA, "reasonable relationship" argument would require us to both ignore explicit statutory language and liberally construe the Act in King's favor in direct contravention of § 39-71-105(4), MCA (1991). We may not do so.

King also cites to Deshner v. Town and Country Foods, Inc. (1994), 266 Mont. 352, 880 P.2d 1300, and Gregory v. Michael Bailey & Sons Logging (1992), 255 Mont. 190, 841 P.2d 525, as examples of this Court's willingness to recognize "adjustments" to the four pay period rule. She attempts to rely on these cases as support for her argument that fewer than four pay periods should be used to calculate her benefits, but her reliance is misplaced.

In Deshner, the employee had received a wage increase from $6 per hour to $7.25 per hour shortly before his injury. Deshner, 880 P.2d at 1301. In calculating Deshner's disability benefit, the Workers' Compensation Court used the four pay periods prior to Deshner's injury, during which his hourly wage was $6. Deshner, 880 P.2d at 1301. On appeal, we

7

observed that an injured employee's hourly wage at the time of the injury is usually the same as it was over the course of the preceding four pay periods; in Deshner's case, however, his actual wage at the time of the injury was substantially higher. Deshner, 880 P.2d at 1302. Under such a circumstance, the statutory provisions regarding "wages at the time of the injury" and "preceding four pay periods" were in conflict and, therefore, the exception contained in § 39-71-123(3)(b), MCA, applied because a calculation based on $6 per hour did not adequately reflect Deshner's employment history. Deshner, 880 P.2d at 1303. The result was a benefit calculation based on Deshner's actual wage at the time of injury.

Nothing in Deshner supports King's argument that fewer than four pay periods may be used in calculating her benefits. There, we harmonized and gave effect to statutory provisions which conflicted because of the particular facts of the case. No such conflict exists here. Deshner does not authorize the use of three, rather than four, pay periods in calculating King's permanent partial disability benefits.

Gregory is also inapplicable here. There, the employee was a laborer for a logging company whose business involved seasonal work. Gregory, 841 P.2d at 526. Gregory's total employment history spanned 59 weeks, of which he worked 31. Gregory, 841 P.2d at 527. The Workers' Compensation Court calculated Gregory's weekly benefits by considering his entire employment history with the employer, pursuant to the exception for additional pay periods in § 39-71-123(3)(b), MCA, instead of only the four pay periods immediately preceding the injury, and then excluding the weeks in which no work was performed.

8

Gregory, 841 P.2d at 527. On appeal, we affirmed the court's application of the "additional pay periods" exception in § 39-71-123, MCA, and its exclusion of the periods of forced idleness in Gregory's work history in calculating his benefits. Gregory, 841 P.2d at 527-28. We concluded that "where sporadic, seasonal work is at issue, it is reasonable when calculating 'usual' salary to calculate on a larger scale than four pay periods[.]" Gregory, 841 P.2d at 527.

King's attempt to analogize her situation to the facts in Gregory is not persuasive. First, King was not a seasonal worker as in Gregory, and the fact that she worked fewer hours during one of the four pay periods immediately preceding her injury does not convert her employment to "seasonal, sporadic work." Moreover, we concluded in Gregory that, based on the circumstances of the case, it was reasonable and appropriate to apply the § 39-71-123(3)(b), MCA, exception and calculate Gregory's benefits by using additional pay periods rather than only the four pay periods immediately preceding the date of injury. Gregory, 841 P.2d at 527-28. Thus, Gregory does not support King's argument that her benefits should be based on fewer than four pay periods.

Finally, King's contention that her "short pay period"--in which she worked only a few hours--is akin to the "forced idleness" in Gregory and entitles her to the use of only three pay periods in calculating her benefits is without merit. Forced idleness as used in Gregory and Sandahl v. James A. Slack, Inc. (1987), 225 Mont. 208, 732 P.2d 831, which we cited in Gregory, connotes periods during which no work is performed due to the seasonal nature of

9

the work or weather-related equipment unavailability. See Gregory, 841 P.2d at 527; Sandahl, 732 P.2d at 833. No such forced idleness is at issue here. In any event, however, exclusion of any period of forced illness would result in consideration of additional pre-injury pay periods, not the use of fewer pre-injury pay periods for which King contends.

We conclude that neither § 39-71-123, MCA (1991), nor our case law authorizes the use of fewer than four pre-injury pay periods in calculating an employee's permanent partial disability benefit rate when the employee has worked for four or more pay periods. On that basis, we hold that the Workers' Compensation Court correctly concluded that King was not entitled to an increase in her permanent partial disability benefits.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10