FILED

09/28/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0119

DA 21-0119

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 247

DEREK JOHN RAIRDAN,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:     District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DV-21-087(C)
                  Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Misty D. Gaubatz, Judnich Law Office, Missoula, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Bree Gee, Assistant Attorney
            General, Helena, Montana

            Travis R. Ahner, Flathead County Attorney, Stacy Lynne Boman, Deputy
            County Attorney, Kalispell, Montana

                       Submitted on Briefs:  September 8, 2021

                                Decided:  September 28, 2021

Filed:

_____
                             Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Petitioner Derek John Rairdan (Rairdan) appeals the February 17, 2021 Order by the Eleventh Judicial District Court, Flathead County, denying his petition to expunge or redesignate as a civil infraction his charge of felony criminal production or manufacture of dangerous drugs. We address the following dispositive issue on appeal:

> *Are the actions that led to Rairdan's 2002 marijuana charge permitted under the Montana Marijuana Regulation and Taxation Act, thus entitling him to expungement or redesignation of the charge as a civil infraction?*

¶2 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Rairdan was convicted in 2002 for felony criminal production or manufacture of dangerous drugs based on his possession of eight marijuana plants, which he had grown on land adjacent to the rental property where he was living. Rairdan's landlord called law enforcement after he discovered the plants enclosed in a fence on the landlord's 40-acre property. Rairdan was charged, pleaded guilty, and received a three-year deferred sentence. In April 2008, after he successfully completed his deferred sentence, the District Court granted Rairdan's petition for withdrawal of his guilty plea and the case was dismissed.

¶4 In the 2020 general election, voters passed Initiative No. 190 (I-190), the Montana Marijuana Regulation and Taxation Act (MMRTA). The MMRTA allows for the legal possession and use of limited quantities of marijuana for adults over the age of 21. MMRTA, § 1(2)(a). The MMRTA also authorizes courts to redesignate or expunge the

2

criminal records of persons who have completed sentences for acts made legal by the new law. MMRTA, §§ 1(2)(m), 36(5)(a).

¶5 On January 28, 2021, Rairdan petitioned the sentencing court to have his felony charge expunged or redesignated as a civil infraction pursuant to the retroactive application of § 36(5)(a) of the MMRTA. The District Court denied the petition, holding that Rairdan was not eligible for expungement or redesignation under the provisions of the MMRTA.

## STANDARD OF REVIEW

¶6 A district court's statutory interpretation is a question of law, which we review for correctness. *State v. Nelson*, 2019 MT 62, ¶ 4, 395 Mont. 134, 437 P.3d 127; *Mont. State Fund v. Simms*, 2012 MT 22, ¶15, 364 Mont. 14, 270 P.3d 64; *Briese v. Mont. Pub. Emps.' Ret. Bd.*, 2012 MT 192, ¶ 11, 366 Mont. 148, 285 P.3d 550. The rules applicable to judicial interpretation of initiatives are the same as those applying to legislation enacted by the Legislature. *State Bar of Mont. v. Krivec*, 193 Mont. 477, 480, 632 P.2d 707, 710 (1981).

## DISCUSSION

¶7 *Are the actions that led to Rairdan's 2002 marijuana charge permitted under the Montana Marijuana Regulation and Taxation Act, thus entitling him to expungement or redesignation of the charge as a civil infraction?*

¶8 Under the MMRTA, a person who has completed a sentence for an act now permitted or punishable by a lesser sentence under the law may petition the sentencing court to expunge or redesignate the conviction. MMRTA, § 36(5)(a). Upon receiving a petition, the court shall presume the petitioner satisfies the criteria for expungement, unless the county attorney proves by clear and convincing evidence that the petitioner does not satisfy the criteria. MMRTA, § 36(6). If eligible, the court shall redesignate the conviction

3

as a misdemeanor or civil infraction or expunge the conviction as legally invalid. MMRTA, § 36(6). Section 8 defines the acts relating to personal use and cultivation of marijuana that are lawful under the MMRTA. Section 8 requires that a person growing or storing marijuana plants for personal use either "own the private residence where the plants are cultivated and stored or obtain written permission to cultivate and store marijuana from the owner of the private residence." MMRTA, § 8(1)(c)(iii).

¶9 The State argues that because Rairdan did not have written permission from the landowner to grow marijuana, he is ineligible for the MMRTA's retroactive provisions. In denying his petition, the District Court agreed that, because Rairdan conceded he did not have permission from the property owner to grow the plants, he was not eligible for expungement or redesignation.[1]

¶10 It is well settled that Montana courts have jurisdiction to expunge criminal records pursuant to statute. *State v. Chesley*, 2004 MT 165, ¶ 14, 322 Mont. 26, 92 P.3d 1212. In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Section 1-2-101, MCA. We will interpret the statutory language by "giving words their usual and ordinary meaning." *State v. Brander*, 280 Mont. 148,

---

[1] Rairdan also argued that the District Court incorrectly found that he exceeded the number of plants allowed under § 8(c) of the MMRTA. Because we conclude Rairdan is not entitled to relief due to his failure to satisfy the requirements of § 8(c)(iii), we decline to address this argument. Likewise, because Rairdan does not qualify for expungement or redesignation under I-190, we need not consider the State's argument that Rairdan does not qualify for expungement or redesignation under HB-701, the bill that modified and codified I-190.

156, 930 P.2d 31, 36 (1996) (citing *Werre v. David*, 275 Mont. 376, 385, 913 P.2d 625, 631 (1996)). If the language is clear and unambiguous, no further interpretation is required. *Nelson*, ¶ 6 (citing *State v. Hastings*, 2007 MT 294, ¶ 14, 340 Mont. 1, 171 P.3d 726); *GBN, Inc. v. Mont. Dep't of Rev.*, 249 Mont. 261, 265, 815 P.2d 595, 597 (1991).

¶11 The clear and unambiguous language of the MMRTA precludes Rairdan's eligibility for expungement. Section 36(5)(a) allows petitions for expungement only from individuals who have completed "an act that is *permitted* under [sections 1 through 36]." (Emphasis added.) The MMRTA unambiguously prohibits growing marijuana on someone else's land without their permission. MMRTA, § 8(1)(c)(iii).

¶12 Rairdan does not dispute that he neither owned the land on which he grew the marijuana, nor did he have written permission to grow marijuana from the landowner. Rairdan contends, however, that at the time of the charge his landlord could not have given him permission to grow marijuana on his property because it was against the law to grow marijuana, and "no one has authority to grant another permission to break the law." Rairdan states that "requiring this sort of permission to access a retroactive provision asserts an absurd interpretation of this law" because "the retroactive provision would be rendered ineffective if the law is interpreted to provide that only those who had permission to grow marijuana qualify for expungement."

¶13 Rairdan's policy argument is unpersuasive. Boiled down, Rairdan asks this Court to apply the benefits of the MMRTA to his case, while ignoring the restrictions. The plain language of § 8(1)(c)(iii) establishes an express legal requirement for marijuana cultivation under the MMRTA that Rairdan asks us to disregard. We refuse to "omit what has been

5

inserted" in the statute or use public policy to ignore the express statutory language. Section 1-2-101, MCA; *Sturchio v. Wausau Underwriters Ins. Co.*, 2007 MT 311, ¶ 17, 340 Mont. 141, 172 P.3d 1260 (citing *King v. State Compens. Ins. Fund*, 282 Mont. 335, 339, 938 P.2d 607, 609–10 (1997)). Rairdan did not own the property on which he grew the marijuana, and he did not have permission from the landowner to grow marijuana on the property. The MMRTA does not permit the act for which Rairdan was charged. Rairdan fails to satisfy the threshold requirement for expungement or redesignation under the MMRTA.

¶14 Rairdan also argues that, had marijuana cultivation been legal at the time, he would have sought and been granted permission from his landlord as a natural extension of his landlord's consent allowing Rairdan to grow vegetables on the property. This assertion is purely speculative and wholly unsupported by the record—it is like asserting that had marijuana been legal to sell in 2002, it would have been available in the produce department at your local supermarket. Upon discovering Rairdan's marijuana plants growing on his property, Rairdan's landlord called the Northwest Drug Task Force and personally led law enforcement to the marijuana plants. Rairdan's suggestion that his landlord would have granted him permission to grow marijuana on the property if only he had asked, and if only it was legal to do so at the time, is beyond conjecture—it is diametrically contrary to the undisputed record evidence. Rairdan's argument is without merit.

## CONCLUSION

¶15 The District Court did not err by denying Rairdan's petition to expunge his felony charge of criminal manufacture of dangerous drugs. The District Court correctly

6

determined that Rairdan does not qualify for expungement under the MMRTA because he did not have the landowner's written permission to grow marijuana on the property as the MMRTA requires.

¶16     We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR