No. 89-39

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

JOHN BOEGLI, WALT BOEGLI, JOHN PAYNE,
ROBERT WALLER AND JACK YOUNG,

Plaintiffs and Appellants,

-vs-

GLACIER MOUNTAIN CHEESE COMPANY,
a Montana corporation,

Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Karl P. Seel, Bozeman, Montana

For Respondent:

Michael Coil, Bozeman, Montana

_____

Submitted on Briefs:  July 7, 1989

Decided:  August 15, 1989

Filed:

_____
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiffs appeal from the dismissal of their action against the defendant in the District Court for the Eighteenth Judicial District, Gallatin County. The District Court based its dismissal on plaintiffs' failure to exhaust their administrative remedies. We reverse the order of the District Court.

The issue is whether plaintiffs denied overtime compensation under § 39-3-405, MCA, must seek relief exclusively from the Commissioner of Labor under the provisions of Title 39, Chapter 3, MCA, entitled, "Wages and Wage Compensation."

At the filing of the complaint, plaintiffs were employees of the Glacier Mountain Cheese Company (GMCC) in Gallatin County, Montana, who is the named defendant in this action. The complaint alleged that as an employer GMCC is subject to the provisions of the Montana labor laws contained in Title 39, Chapter 3. Plaintiffs alleged that GMCC was in violation of § 39-3-405, MCA, which provides in relevant part:

> OVERTIME COMPENSATION. (1) No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of 40 hours in a workweek at a rate of not less than 1½ times the hourly wage rate at which he is employed.

Plaintiffs sought damages for overtime hours worked at the rate of 1½ times the hourly wage, a penalty for failure to pay the overtime compensation as it became due upon termination of employment pursuant to § 39-3-206, MCA, and costs and attorney fees under § 39-3-214, MCA.

The defendant, GMCC, filed a Rule 12(b)(1) motion to dismiss, alleging that jurisdiction properly lies with the Department of Labor and that plaintiffs failed to exhaust

2

their administrative remedy. The District Court granted defendant's motion and ordered dismissal of the action.

In this case we are called upon to interpret various provisions of Title 39, Chapter 3, entitled "Wages and Wage Compensation." Specifically, the statutes under Part 2 and Part 4 must be reconciled in order to determine whether a wage claimant must exhaust an administrative remedy with the Commissioner of Labor or whether an action can be initiated in District Court. The statutes relevant to this inquiry are as follows:

> 39-3-209. Commission of labor to investigate violations and institute actions for unpaid wages. It shall be the duty of the commissioner of labor to inquire diligently for any violations of this part and to institute actions for the collection of unpaid wages and for the penalties provided for herein in such cases as he may deem proper and to enforce generally the provisions of this part.

> 39-3-211. Commissioner to take wage assignments. Whenever the commissioner determines that one or more employees have claims for unpaid ages, he shall, upon the written request of the employee, take an assignment of the claim in trust for such employee and may maintain any proceeding appropriate to enforce the claim, including liquidated damages pursuant to this part. With the written consent of the assignor, the commissioner may settle or adjust any claim assigned pursuant to this section.

> 39-3-212. Court enforcement of commissioner's determination. A determination by the commissioner of labor and industry made after a hearing as provided for in parts 2 and 4 of this chapter may be enforced by application by the commissioner to a district court for an order or judgment enforcing the determination if the time provided to initiate judicial review by the employer has passed. The commissioner shall apply to the district court where the employer has its principal place of business or in the first judicial district of the state. A proceeding under this section is not a

3

review of the validity of the commissioner's determination.

39-3-407. Enforcement. Enforcement of this part shall be treated as a wage claim action and shall be pursued in accordance with part 2 of this chapter, as amended. This part may also be enforced in accordance with part 5 of this chapter for the benefit of certain employees in the mineral and oil industry. The commissioner may enforce this part without the necessity of a wage assignment.

39-3-408. Provisions cumulative. (1) The provisions of this part shall be in addition to other provisions now provided by law for the payment and collection of wages and salaries but shall not apply to employees covered by the Fair Labor Standards Act except as provided in subsection (2).
(2) Sections 39-3-402 and 39-3-404 shall apply to an employee covered by the Fair Labor Standards Act if state law provides a minimum wage that is higher than the minimum wage established under federal law.

Plaintiffs rely primarily upon this last statute, § 39-3-408, MCA, which they contend makes the remedy provisions of Title 39, Chapter 3 cumulative so that exhaustion of administrative remedies is not required. Despite the clear and unambiguous language of that statute, the defendant GMCC argues that the other statutes cited above indicate a legislative intention that the Commissioner of Labor must first consider wage claims before the matter goes to district court. The lower court agreed, ruling that § 39-3-408, MCA, should not act as a hedge on the doctrine of administrative remedies.

We first note the general rule of statutory interpretation found in § 1-2-102, MCA, which states that legislative intent controls. Legislative intent is to first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of

4

interpretation. Oldenburg v. County of Flathead (1984), 208 Mont. 128, 130, 676 P.2d 778, 779. We conclude that § 39-3-408(1), MCA, is clear and unambiguous in its designation of cumulative remedies:

> The provisions of this part shall be in addition to other provisions now provided by law for the payment and collection of wages and salaries . . . (Emphasis added.)

Defendant argues that despite a lack of ambiguity, § 39-3-408, MCA, has been impliedly altered by the subsequent enactment of other statutory provisions under Title 39, Chapter 3. Specifically, the defendant points to § 39-3-212, MCA, enacted in 1974, which gives the Commissioner the right to apply to a district court for an order enforcing the Commissioner's determination. The defendant contends that any causes of action recognized by the Legislature upon passage of § 39-3-408, MCA, in 1971 were thereafter subjected to the 1974 provisions of § 39-3-212, MCA.

In this regard, defendant attaches significance to the cumulative remedy provision of Part 5, which applies to mineral and oil employees, and attempts to distinguish it from the cumulative provision of Part 4. The cumulative remedy provision of Part 5 states:

> Remedy cumulative. The remedy herein provided for the greater security for the payment of wages and salaries and the collection thereof shall be in addition to any remedy now provided by law for the payment and collection of wages and salaries.

Section 39-3-520, MCA.

Defendant argues that § 39-3-520, MCA, is unlike the cumulative provision of § 39-3-408, MCA, because it clearly stands alone without reference to any other part of Title 39, Chapter 3 as a means for its enforcement. Contrastingly, §

5

39-3-408, MCA, is subject to § 39-3-407, MCA, which requires enforcement of Part 4 to be pursued in accordance with Part 2. Part 2 refers to the powers and duties of the Commissioner of Labor. See §§ 39-3-209 to 213, MCA.

While this argument is discernable, we hold that it does not provide sufficient basis for this Court to ignore the plain language of § 39-3-408, MCA. That statute provides for cumulative remedies. As a final point, § 39-3-408, MCA, was amended in 1987 to include subsection (2), which provides that the section applies to an employee covered by the Fair Labor Standards Act. While subsection (2) does not apply as a matter of law to this case, the reenactment of subsection (1) in 1987 does indicate a cumulative process. We hold that resort to the Commissioner of Labor is not plaintiff's exclusive option.

Reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices