No. 90-584

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

GBN, INC.,

       Petitioner and Appellant,

-vs-

THE MONTANA DEPARTMENT OF REVENUE,

       Respondent and Respondent.

FILED

AUG - 1 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kenneth R. Neill; Larsen & Neill, Great Falls,
Montana.

    For Respondent:

        Geralyn Driscoll, Department of Revenue, Helena,
Montana.

Submitted on Briefs:  June 28, 1991

Decided:  August 1, 1991

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to § 15-2-303, MCA, GBN, Inc., (GBN) petitioned the District Court of the First Judicial District, Lewis and Clark County, for judicial review of a decision by the State Tax Appeal Board (STAB). STAB upheld the decision of the Department of Revenue which disallowed, in accordance with the Department's interpretation of § 15-31-114(2)(b)(iv), MCA (1987) (recodified, but not substantively amended, as § 15-31-119(8), MCA (1989)), a net operating loss deduction from taxable income claimed by GBN on its corporate license tax return for its tax year ending March 31, 1988. The District Court affirmed the findings of fact, conclusions of law and order of STAB. From that judgment, GBN appeals. We affirm.

GBN raises the following issues on appeal:

1. Does § 15-31-114(2)(b)(iv), MCA (1987), expressly prohibit a deduction by the surviving corporation in a merger of corporations for net operating losses it sustained prior to the date of the merger?

2. Does § 15-31-114(2)(b)(iv), MCA (1987), unconstitutionally discriminate against the surviving corporation in a merger of corporations?

The factual circumstances giving rise to this appeal are not in dispute. During the corporate tax year ending March 31, 1988, GBN and Rock, Inc. entered into a merger, with GBN as the surviving corporation. Prior to the merger, GBN and Rock, Inc. sustained net

2

operating losses of $39,546 and $100,127 respectively. After the merger, GBN, on November 16, 1988, filed under protest its state corporate license tax return for the corporate tax year ending March 31, 1988 and reported a tax liability of $6,038 and interest of $181. On its return, GBN claimed it was entitled to a net operating loss carry forward of $89,467 as a deduction from taxable income.

On November 28, 1988, the Department of Revenue notified GBN that it had disallowed the deduction for net operating losses sustained by both GBN and Rock, Inc. The Department assessed GBN $7,185.51, which included a tax liability of $6,039 along with interest of $543.51 and a penalty of $603.

GBN sought and received an informal conference with the Department on May 17, 1989. By letter dated May 26, 1989, GBN was notified that the Department's final decision in the matter was to disallow the deduction for net operating loss carry forward. On June 19, 1989, GBN appealed the Department's final decision to STAB challenging the interpretation and constitutionality of § 15-31-114(2)(b)(iv), MCA (1987). STAB entered its findings of fact, conclusions of law and order on March 20, 1990. STAB affirmed the Department's interpretation of § 15-31-114(2)(b)(iv), MCA (1987), as disallowing a deduction by the surviving corporation of the net operating losses sustained by the merged corporations prior to the date of the merger. STAB declined to address the constitutionality of the statute.

On May 11, 1990, GBN petitioned the District Court of the First Judicial District, Lewis and Clark County, to review STAB's decision pursuant to the provisions of § 15-2-303, MCA. The matter was submitted on agreed facts. On October 23, 1990, the District Court rendered its decision and order affirming STAB's findings of fact, conclusions of law and order. In addition, the District Court held that § 15-31-114(2)(b)(iv), MCA (1987), did not unconstitutionally discriminate against the surviving corporation of a corporate merger.

I

Does § 15-31-114(2)(b)(iv), MCA (1987), expressly prohibit a deduction by the surviving corporation in a merger of corporations for net operating losses it sustained prior to the date of the merger?

Section 2-4-704, MCA, sets forth the statutory standards for judicial review of administrative decisions. This Court has interpreted § 2-4-704, MCA, to mean that an agency's findings of fact are subject to a "clearly erroneous" standard of review while an agency's conclusions of law will be upheld if the agency's interpretation of law is correct. Steer, Inc. v. Dept. of Revenue (Mont. 1990), 803 P.2d 601, 603, 47 St.Rep. 2199, 2200. GBN does not challenge STAB's findings of fact. It asserts that STAB's interpretation of § 15-31-114(2)(b)(iv), MCA (1987), is incorrect. That statute provides that:

> In the case of a merger of corporations, the surviving corporation shall not be allowed a net

operating loss deduction for net operating losses sustained by the merged corporations prior to the date of merger. In the case of a consolidation of corporations, the new corporate entity shall not be allowed a deduction for net operating losses sustained by the consolidated corporations prior to the date of consolidation.

GBN asserts that although the language of the statute refers to the merged corporations in the plural, the legislature could well have intended to prohibit loss carry forward for the disappearing corporation only. It argues that a plausible construction of the statute is that "merged corporations" refers only to the corporations which cease to exist after a merger.

The rules of statutory construction require the language of a statute to be construed according to its plain meaning. If the language is clear and unambiguous, no further interpretation is required. Boegli v. Glacier Mountain Cheese Co. (1989), 238 Mont. 426, 429, 777 P.2d 1303, 1305. Here, there is no basis for arguing legislative intent because the plain language of the statute clearly and unambiguously precludes pre-merger net operating loss deductions. The statute expressly prohibits the surviving corporation from carrying forward net operating losses incurred by the corporations prior to merger.

The application of the statute to GBN and Rock, Inc. exhibits the clarity of the legislature's intent when enacting this provision:

In the case of a merger of corporations [GBN and Rock, Inc.], the surviving corporation [GBN] shall not be allowed a net operating loss deduction for net operating losses sustained by the merged corporations

5

[GBN and Rock, Inc.] prior to the date of the merger. Accordingly, we hold that the administrative agency's interpretation of the statute was correct.

II

Does § 15-31-114(2)(b)(iv), MCA (1987), unconstitutionally discriminate against the surviving corporation in a merger of corporations?

In addressing a constitutional challenge to any statute, the statute is presumed to be constitutional and the challenging party has the burden of establishing the statute's unconstitutionality. Harper v. Greely (1988), 234 Mont. 259, 269, 763 P.2d 650, 656. If a doubt exists, it is to be resolved in favor of the legislation. Harper, 234 Mont. at 269, 763 P.2d at 656.

GBN asserts that § 15-31-114(2)(b)(iv), MCA (1987), violates the due process and equal protection clauses of the Montana and United States constitutions. It argues that no distinction exists which would justify a separate and different classification for merged corporations.

A general rule of taxation is that an item may constitute a deduction only when the legislature specifically establishes the deduction. Cyprus Mines Corp. v. Madison County (1977), 172 Mont. 116, 118, 560 P.2d 1342, 1343. Therefore, tax deductions are not constitutionally mandated, but rather are a matter of legislative determination. Consequently, because the tax classification at issue in this case relates to the deductibility of certain net

operating losses, which is strictly a matter of legislative determination, the proper test for the validity of the tax classification is the rational basis test. See Montana Stockgrowers Ass'n v. Dept. of Revenue (1989), 238 Mont. 113, 117, 777 P.2d 285, 288. A tax statute satisfies equal protection analysis under the rational basis test if (1) the tax classification is reasonable, not arbitrary; and (2) the statute applies equally to all who fall within the same classification. Lehnhausen v. Lakeshore Auto Parts Co. (1973), 410 U.S. 356, 360-64, 93 S.Ct. 1001, 1004-06, 35 L.Ed.2d 351, 355-58; Montana Stockgrowers, 238 Mont. at 117-18, 777 P.2d at 288-89.

In Montana Stockgrowers, this Court reaffirmed that the legislature has the authority to create tax classifications and acknowledged judicial deference to the legislative determination establishing a particular tax classification. Quoting earlier cases, we stated:

> "Equal protection of the law is seldom, if ever, obtained; and because of the very frailty of human agencies, the authorities all recognize the right of the legislative branch of government to make reasonable classifications of subjects, for property or occupation taxes * * * and if the classification is reasonable, and if all of the subjects within a given class are accorded the same treatment, the legislation cannot be said to deny to anyone within such class the equal protection of the law, even though the burden imposed upon him may be more onerous than that imposed upon a member of another class. . . . " (Emphasis in original.)

Montana Stockgrowers, 238 Mont. at 118, 777 P.2d at 288-89.

Section 15-31-114(2)(b)(iv), MCA (1987), satisfies equal protection analysis. There are plausible policy reasons for

7

legislative reluctance to allow the carryover of tax deductions in mergers. Disallowing the carryover of tax deductions prevents larger, profitable corporations from gaining a tax advantage by acquiring another corporation's losses. In addition, it is reasonable to attribute to the legislature the intent to encourage the continued existence of smaller corporations which have less ability than do large corporations to take advantage of substantial tax shelters and other means of avoiding taxation. An apparent effect of the statute is to increase revenue to the State from the net operating losses that the merged corporations would have been able to deduct prior to the date of merger. However, the fact that the State receives increased revenue as a result of a reasonable tax classification does not affect the validity of the legislation.

GBN points to the statute's deviation from federal tax law as a basis for the statute's invalidity. Whether the net operating losses in question are deductible for federal purposes is irrelevant. Federal tax law does not preempt the area of state taxation; the fact that the Montana Legislature chooses not to classify an item in the same manner as Congress does not make the classification unreasonable. In Lazy JD Cattle Co. v. State Board of Equalization (1972), 161 Mont. 40, 46, 504 P.2d 287, 290, this Court recognized that the legislature enacted legislation governing net operating loss deductions without reference to federal law "in an effort to create a balanced, reasonable tax structure."

With respect to the second prong of equal protection analysis,

8

it is clear that § 15-31-114(2)(b)(iv), MCA (1987), applies equally to all entities falling within the same classification. The statute prevents all merged corporations from deducting pre-merger net operating losses.

We hold that § 15-31-114(2)(b)(iv), MCA (1987), does not unconstitutionally discriminate against the surviving corporation in a merger of corporations.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9