No.   94-245

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994


RON STANLEY,

             Plaintiff & Appellant,

      v.

ALLAN G. HOLMS, d/b/a GREAT NORTHERN LEASING
COMPANY and GARDEN CITY RECONDITIONING: and
NEWCO, a corporation, d/b/a GREAT NORTHERN
LEASING COMPANY and GARDEN CITY RECONDITIONING,

             Defendants & Respondents.

FILED

OCT 27 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            Richard Ranney, Williams & Ranney,
            Missoula, Montana

      For Respondents:

            Milton Datsopoulos and Michael G. Black,
            Datsopoulos, MacDonald & Lind,
            Missoula, Montana


                        Submitted on Briefs:  September 8, 1994

                                 Decided:  October 27, 1994

Filed:


                         _____
                                    Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Ron Stanley was hired by defendant Allan G. Holms as manager of two of Holms' businesses, which for simplicity will be referred to as Great Northern. After Stanley was terminated, he brought this action in the District Court for the Fourth Judicial District in Missoula County to recover wages allegedly due, based on the parties' alleged agreement to share profits. The District Court granted Great Northern's motion to dismiss for lack of subject matter jurisdiction because Stanley failed to exhaust administrative remedies. Stanley appeals the District Court's order dismissing his complaint. We reverse.

The issue on appeal is:

Can a Montana worker sue a former employer in District Court to collect unpaid wages, statutory penalties, and attorney fees, or must the worker first exhaust administrative remedies by filing a claim with the Commissioner of Labor and Industry?

<u>FACTUAL BACKGROUND</u>

Stanley's complaint alleges that he was hired by Allan G. Holms, d/b/a Great Northern Leasing Company and Garden City Reconditioning; and Newco, a corporation, d/b/a Great Northern Leasing Company and Garden City Reconditioning, as manager of two of the Great Northern businesses on or about June 1, 1993, and that Holms agreed to pay Stanley a wage that was to include 20 percent of the businesses net profits, subject to a minimum of $5000 per month. Stanley managed the businesses in June, July, August, and September 1993.

At the end of September, Stanley indicated he was uncomfortable with Great Northern's business practices and desired to terminate his employment. Great Northern discharged Stanley, effective the end of September 1993.

According to Stanley, even though the 20 percent of profits for June, July, August, and September exceeded $5000, during each month Great Northern paid Stanley only the $5000 minimum. Stanley demanded the profit share, but Great Northern would not pay him.

Stanley filed suit in District Court in which he claimed back wages, a statutory penalty pursuant to § 39-3-206, MCA, and attorney fees and other costs, pursuant to § 39-3-214, MCA.

On February 9, 1994, Great Northern moved to dismiss pursuant to Mont. R. Civ. P. 12(b)(1), on the basis that the District Court lacked subject matter jurisdiction. On March 28, 1994, the District Court granted Great Northern's motion to dismiss. Stanley appeals from the District Court's order.

## DISCUSSION

Can a Montana worker sue a former employer in District Court to collect unpaid wages, statutory penalties, and attorney fees, or must the worker first exhaust administrative remedies by filing a claim with the Commissioner of Labor and Industry?

Here, the relevant inquiry is whether the complaint states facts that if true would vest the district court with subject matter jurisdiction. *United States Natl. Bank of Red Lodge v. Montana Dept. of Revenue* (1977), 175 Mont. 205, 209, 573 P.2d 188, 190. This is a

question of law, therefore, we must determine whether the District Court's interpretation of the law was correct. *In re Marriage of Barnard* (1994), 264 Mont. 103, 106, 870 P.2d 91, 93 (citing *In re Marriage of Burris* (1993), 258 Mont. 265, 269, 852 P.2d 616, 619).

Great Northern argues that when considering the District Court's jurisdiction to entertain claims for wages we should distinguish between wage claims brought pursuant to Title 39, Chapter 3, Part 2, MCA, and those brought pursuant to Title 39, Chapter 3, Part 4, MCA. Great Northern claims that the plain language found in Part 2 establishes administrative remedies with the Department of Labor, and without exhausting those remedies, an employee may not file a complaint in district court. In support of its argument, Great Northern relies on § 39-3-209, MCA. That section provides as follows:

> It shall be the duty of the commissioner of labor to inquire diligently for any violations of this part and to institute actions for the collection of unpaid wages and for the penalties provided for herein in such cases as he may deem proper and to enforce generally the provisions of this part.

Great Northern adds that as a matter of law it is not necessary for an employee to sue when administrative remedies are available but not exhausted. Therefore, Stanley is not entitled to attorney fees or costs, nor are the penalties applicable. Finally, Great Northern contends that because the statutory scheme was amended in 1989 to increase rights in administrative proceedings, the remedy must be exclusive. *See* §§ 39-3-216 and -217, MCA.

4

In response, Stanley relies on language found in several sections of Part 2. Section 39-3-206(1), MCA, states:

An employer who fails to pay an employee as provided in this part or who violates any other provision of this part is guilty of a misdemeanor. A penalty must also be assessed against and <u>paid bv the emnloverto the emnlovee</u> in an amount not to exceed 110% of the wages due and unpaid.

(Emphasis added.)

Section 39-3-207, MCA, states:

<u>Any emplovee may recover</u> all such penalties as are provided for the violation of 39-3-206 which have accrued to him at any time within 18 months succeeding such default or delay in the payment of such wages.

(Emphasis added.)

Section 39-3-208, MCA, states:

Any contract or agreement made between an employer and an employee the provisions of which violate, evade, or circumvent this part is unlawful and void, but the <u>emolovee may sue to recover</u> the wages earned, together with the penalty specified in 39-3-206 or separately to recover the penalty if the wages have been paid.

(Emphasis added.)

Section 39-3-214, MCA, states:

(1) Whenever it is <u>necessary for the emnlovee to enter or maintain a suit at law for the recovery or collection of wages due as provided bv this part,</u> a resulting judgment must include a reasonable attorney's fee in favor of the successful party, to be taxed as part of the costs in the case.
    (2) Any judgment for the plaintiff in a proceeding pursuant to this part must include all costs reasonably incurred in connection with the proceeding, including attorneys' fees.
    (3) <u>If the proceeding is maintained bvthe commissioner,</u> no court costs or fees are required of him nor is he required to furnish any bond or other security that might otherwise be required in connection with any phase of the proceeding.

(Emphasis added.)

5

Stanley contends that §§ 39-3-206 and -208, MCA, clearly allow an employee to sue directly in district court since the statutes do not mention the Commissioner of Labor. Also, § 39-3-214, MCA, indicates that the Commissioner's role is discretionary and cumulative. Stanley also relies on the history of the wage enforcement statutes which did not originally provide for administrative action. We agree with Stanley's statutory interpretation.

To determine whether or not Stanley must exhaust administrative remedies, we look first to the statutory language, and where that is unclear, to legislative intent. *See Boegli v. Glacier Mountain Cheese Co.*(1989), 238 Mont. 426, 429, 777 P.2d 1303, 1305.

The language in § 39-3-206(1), MCA, states that a penalty is to be assessed against and paid by the employer *to* the employee if the employer violates statutory provisions; for example by failing to pay the employee his or her wages. This provision suggests that an employee may sue the employer in district court. If the department pursues an administrative proceeding, it collects the wages and attempts to pay the wages to the entitled claimant. In administrative proceedings, the employer does not pay the employee directly. *See* § 39-3-213, MCA.

In addition, the statutes do not expressly restrict suits to the administrative process. Rather, § 39-3-209, MCA, provides that the Commissioner shall inquire diligently for violations of this part and sue for collection of unpaid wages and penalties "in such

6

cases as he may deem proper and to enforce generally the provisions of this part." Section 39-3-211, MCA, states that if the Commissioner determines that employees have wage claims, he shall, if the employee files a written request, take an assignment of the claim in trust for the employee and may maintain any proceeding to enforce the claim. This language indicates that an employee can, but is not required to, seek redress through the Department of Labor and Industry, and the Commissioner's duty to file suit is discretionary.

The legislative history of Part 2 supports these inferences drawn from the statutory language.

In testimony found in Chapter 40 of the 1967 Session Laws, Mr. Emmons, then Commissioner of Labor and Industry, requested statutory amendments to increase the Commissioner's power. At a committee meeting, he was asked what authority the proposed amendment gave him, and he responded that it would grant him the authority to sue the employer. Mr. Emmons stated that he had numerous complaints from unpaid workers, and mentioned that the law was clear regarding when wages should be paid, but did not grant the Commissioner power to enforce the law. He pointed out that, therefore, many cases were dropped because workers could not afford an attorney to file a civil suit. The committee minutes indicate that the remedy was cumulative, i.e., the amendment was designed to grant the Department authority so it could sue on behalf of employees who could not afford an attorney. See Minutes, Legislative Hearing S.B. 27, February 6, 1967, at 1. As a result,

under the current statutes, the Commissioner, in cases he "deems proper," may sue to collect unpaid wages. Section 39-3-209, MCA.

The other statutory provisions and administrative rules that Great Northern claims require a claimant to exhaust administrative remedies deal mainly with the Commissioner's powers once the administrative process is pursued. None of the statutes expressly state that administrative proceedings are exclusive. Sections 39-3-209, -211, -213, -216, and -217, MCA, set forth the procedures and powers of the Commissioner to collect and dispose of wages. Great Northern claims that recent amendments to §§ 39-3-216 and -217, MCA, provide additional administrative remedies, indicating they must be exclusive. However, neither do we find any language in the statutory amendments or their legislative history to suggest that the administrative remedies provided by Part 2 are exclusive.

Great Northern cites numerous decisions for the proposition that where administrative remedies are expressly provided, a claimant must exhaust them before seeking judicial review. Stanley, on the other hand cites several cases in which wage claims were filed in district court and considered without apparent exhaustion of administrative remedies. However, neither the exhaustion cases cited by Great Northern, nor the prior wage claim cases cited by Stanley, dealt with the precise issue presented here.

More on point, is our decision in *Boegli*, 777 P.2d 1303. In *Boegli*, the plaintiffs sued the defendant for overtime hours pursuant to § 39-3-405, MCA. The issue in that case was whether plaintiffs who were denied overtime compensation must seek relief exclusively from the Commissioner of Labor under Title 39, Chapter 3. The defendant moved to dismiss on the basis that the plaintiffs had failed to exhaust their administrative remedy. The district court granted the defendant's motion and dismissed the case. We reversed, and concluded that § 39-3-408, MCA, was clear and unambiguous in its designation of cumulative remedies. *Boegli*, 777 P.2d at 1305-06.

In *Boegli*, we relied on the cumulative language of § 39-3-408, MCA, for our conclusion that administrative remedies are not exclusive. For that reason, Great Northern argues that the cumulative remedy language has no bearing on this case which is brought under Part 2.

Although *Boegli* dealt with Part 4, this Court did not make an express distinction between Part 2 and Part 4. Nor is any distinction warranted when the entire statutory scheme in Title 39, Chapter 3, is considered. For example, § 39-3-408, MCA, which provides for cumulative remedies, refers to the remedies provided for in Part 4 at § 39-3-407, MCA. That section provides that:

> Enforcement of this part shall be treated as a wage claim action and shall be pursued in accordance with part 2 of this chapter, as amended. This part may also be enforced in accordance with part 5 of this chapter for the benefit of certain employees in the mineral and oil industry.

9

The commissioner may enforce this part without the necessity of a wage assignment.

In other words, the only remedies provided for in Part 4 are those set forth in § 39-3-407, MCA, which incorporates those remedies established in Part 2. Therefore, when § 39-3-408, MCA, refers to cumulative remedies, it necessarily refers to the remedies provided for in Part 2.

Based on the statutory language of Title 39, Chapter 3, its legislative history, and our decision in *Boegli,* we conclude that a wage claimant pursuant to Title 39, Chapter 3, Part 2, may either seek administrative remedies through the Department of Labor and Industry or file his or her claim directly in district court. Therefore, the District Court's order dismissing Stanley's claim is reversed and this case is remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

10

October 27, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to **the** following named:


Richard Ranney
WILLIAMS & RANNEY, P.C.
P.O. BOX 9440
Missoula, MT 59807-9440

Milton Datsopoulos
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main, Suite 201
Missoula, MT 59802


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy