NO.  94-451

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

RYAN FANDRICH and CATHY AVARD FANDRICH,

      Plaintiffs and Appellants,

   v.

CAPITAL FORD LINCOLN MERCURY, a Montana
corporation; MARK RENNERFELDT, an
individual; DUGAN ANDERSON, an individual;
and DOES 1 through 5, inclusive,

      Defendants and Respondents.

FILED

AUG 17 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

         Dale F. Myers, Attorney at Law,
         Helena, Montana

      For Respondents:

         R. J. "Jim" Sewell, Jr., Smith Law Firm, Helena,
         Montana; Karl R. Lindegren and Robert V. Schnitz,
         Fisher & Phillips, Newport Beach, California
         (for Capital Ford and Dugan Anderson)

         John F. Sullivan, Hughes, Kellner,
         Sullivan & Alke, Helena, Montana
         (for Mark Rennerfeldt)


                       Submitted on Briefs:  March 9, 1995

                               Decided:  August 17, 1995

Filed:

_____
           Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiffs, Ryan and Cathy Fandrich, filed a second amended complaint in the District Court for the **First** Judicial District in Lewis and Clark County in which they alleged that they were wrongfully discharged from their employment, and that Cathy had been sexually harassed and assaulted, and that her basic personal rights had been violated. The District Court dismissed the second amended complaint, based on its conclusion that the Montana Human Rights Act provided the Fandrichs' exclusive remedy. The Fandrichs appeal from the judgment entered pursuant to the order dismissing their complaint. We affirm the District Court.

The issues raised on appeal are:

1.   Did the District Court err when it dismissed Cathy Fandrich's **claims** based on the exclusive remedy provision of the Montana Human Rights Act?

2.   Did the District Court err when it dismissed Ryan Fandrich's claim for wrongful discharge based on its conclusion that it was barred by the exclusive remedy provision of the Montana Human Rights Act?

### FACTUAL BACKGROUND

Cathy Fandrich worked for defendant Capital Ford Lincoln Mercury (Capital) as a warranty clerk and cashier until March 16, 1993, when she resigned. Ryan Fandrich worked for Capital as a body shop lineman and body shop manager until July 1, 1993, when he resigned.

Mark Rennerfeldt was, during the time complained of, employed by Capital as its service manager, and in that capacity supervised the work of both Cathy and Ryan. Dugan Anderson was a principal owner and stockholder of Capital who supervised Rennerfeldt, as well as the Fandrichs.

Cathy alleged that she was forced to quit working at Capital because Rennerfeldt sexually harassed her and Capital failed to do anything about it. Ryan alleged that he was ultimately forced to quit working for Capital because he was demoted for objecting to Rennerfeldt's harassment of Cathy.

Neither Cathy nor Ryan filed a timely claim with the Montana Human Rights Commission. On July 20, 1993, the Fandrichs filed their original complaint in the District Court. On July 21, 1993, they filed their amended complaint. On November 22, 1993, the District Court questioned whether it had jurisdiction to consider the amended complaint, or whether the Montana Human Rights Act found at §§ 49-1-101 through 49-4-511, MCA, was the Fandrichs' exclusive remedy pursuant to § 49-2-509(7), MCA. In response to those concerns, the Fandrichs filed a second amended complaint on May 16, 1994.

The second amended complaint contained four counts. In Count 1, Ryan alleged that he was wrongfully discharged from employment by Capital because he had reported Rennerfeldt's alleged behavior to Anderson. He alleged that instead of correcting the problem, Anderson and Rennerfeldt complained about his work,

3

decreased his duties, and reduced his hours to the extent that he could not afford to work at Capital. In count 2, Cathy alleged that Rennerfeldt's conduct violated her personal rights. In Count 3, Cathy alleged that Rennerfeldt sexually harassed her. In count 4, Cathy alleged that Rennerfeldt assaulted her.

As a result of the alleged conduct, Ryan and Cathy claimed they were forced to quit working at Capital. On July 15, 1994, the District Court dismissed the Fandrichs' claims based on its conclusion that the Montana Human Rights Act provided their exclusive remedy.

<u>ISSUE 1</u>

Did the District Court err when it dismissed Cathy Fandrich's claims based on the exclusive remedy provision of the Montana Human Rights Act?

The Fandrichs' claims were dismissed pursuant to Rule 12(b), M.R.Civ.P., for failure to state a claim for which relief can be granted. A claim should only be dismissed on that basis when it appears, based on the pleadings, that the plaintiff cannot prove any set of facts in support of his or her claim which would entitle the plaintiff to relief. *Boreen v. Christensen* (Mont. 1994), 884 P.2d 761, 762, 51 St. Rep. 1014, 1015 (citing *Willson v. Taylor* (1981), 194 Mont. 123, 634 P.2d 1180). The complaint should be construed in the light most favorable to the plaintiff and all factual allegations in a complaint are assumed to be true. *Boreen*, 884 P.2d at 762. The District Court's determination that the Fandrichs'

4

second amended complaint failed to state a claim is a legal question which we review to determine whether the court's interpretation of the law was correct. *In re Marriage of Barnard* (1994), 264 Mont. 103, 106, 870 P.2d 91, 93 (citing *In re Marriage of Burris* (1993), 258 Mont. 265, 269, 852 P.2d 616, 619).

The District Court concluded that, because Cathy's allegations, if true, constituted sexual harassment at her workplace, the Montana Human Rights Act provided her exclusive remedy. See § 49-2-509(7), MCA; *Harrison v. Chance* (1990), 244 Mont 215, 221, 797 P.2d 200, 204.

We have previously held that sexual harassment is the equivalent of sexual discrimination which is prohibited by the Montana Human Rights Act. *Harrison,* 797 P.2d at 204. Section 49-2-509(7), MCA, indicates that the Montana Human Rights Act provides the exclusive remedy for sexual discrimination in the workplace. That provision states:

> The provisions of this chapter establish the exclusive remedy for acts constituting an alleged violation of this chapter, including acts that may otherwise also constitute a violation of the discrimination provisions of Article II, section 4, of the Montana constitution or 49-1-102. No other claim *or* request for relief based upon such acts may be entertained by a district court other than by the procedures specified in this chapter.

In this case, Cathy pled sexual harassment, violation of her personal rights, and assault based on Rennerfeldt's alleged conduct. The plaintiff in *Harrison* also pled a variety of torts

including tortious battery, intentional infliction of emotional distress, outrage, wrongful discharge, and breach of the implied covenant of good faith and fair dealing. In *Harrison,* we concluded that the "gravamen of the appellant's claim [was] sexual harassment" because each of her claims arose from allegations of forceful kissing, sexually explicit innuendos and offers, and sexual harassment committed by her employer that made working conditions intolerable. *Harrison,* 797 P.2d at 205. We recognized that a claim based on sexual harassment may be framed in terms of numerous tort theories. However, this Court stated that the Legislature intended that the Human Rights Act be the exclusive remedy for such conduct when it enacted § 49-2-509(7), MCA. *Harrison,* 797 P.2d at 205.

*Harrison* did not involve a claim based on sexual harassment committed by one employee against another. Therefore, Cathy contends that it is inapplicable and that the scope of § 49-2-509 (7), MCA, is limited to direct acts by the employer.

However, in 1993, the definition of "employer," as used in the Act, was amended to provide that:

> As used in this chapter, unless the context requires otherwise, the following definitions apply:
> (8) "Employer" means an employer of one or more persons or an agent of the employer but does not include a fraternal, charitable, or religious association or corporation if the association or corporation is not organized either for private profit or to provide accommodations or services that are available on a nonmembership basis.

Section 49-2-101, MCA (1993) (emphasis added). For purposes of this appeal, the parties have relied on the 1993 version of § 49-2-101(8), MCA. Therefore, without further analysis, we will assume its applicability.

When we construe this language, we must first look to the plain language of the statute. *See Boegli v. Glacier Mountain Cheese Co.* (1989), 238 Mont. 426, 429, 777 P.2d 1303, 1305. The Legislature added the word "agent" without specifying which employees are to be considered agents. As a result of the Legislature's failure to specify the meaning of agent, we adopt the ordinary meaning of the word "agent."

A servant or employee is an agent who is employed by a master or employer whose physical conduct is subject to control or right to control by the master or employer. *State ex rel. Eccleston v. Third Judicial Dist. Court* (1989), 240 Mont. 44, 51-52, 783 P.2d 363, 368 (citing Restatement (Second) of Agency § 2). Thus, the ordinary meaning of agent includes employees who are subject to an employer's control while performing their job duties. As a result of its failure to define agent otherwise, it appears that the Legislature intended, for purposes of the Human Rights Act, to include an employee in the definition of employer.

Legislative history also supports this conclusion. In 1993, the Montana Human Rights Commission proposed House Bill 561 as an amendment to include agent in the definition of employer. Part of the motivation behind the bill was to allow the Commission to

redress situations where an employee is sexually harassed by another employee. The example provided in support of the amendment was a case involving a woman who was sexually harassed by her manager who was also a co-employee. The woman sought redress from the Montana Human Rights Commission. However, because the sexual harassment was committed by her manager and co-employee, the Commission concluded that it was not empowered to hear her claim. The Commission's goal was to have the ability to assign liability to the individual responsible for the discriminatory conduct in addition to or in place of the employer. *Hearings on HB 561 Before the House Judiciary Committee*, 53rd Legislature, Regular Sess. p.4 and Exhibit 1 (1993) (statement of Anne MacIntyre, Administrator, State Human Rights Commission).

Based on the addition of agent to the definition of employer in the Montana Human Rights Act, we conclude that the Montana Human Rights Act provides Cathy's exclusive remedy for Rennerfeldt's alleged sexual harassment.

Cathy next claims that the District Court's decision violated Article II, Section 16, of the Montana Constitution because she was denied her ability to seek judicial redress. However, that issue was not raised in the District Court and we will not consider it for the first time on appeal. We affirm the District Court's dismissal of Cathy's claims and the judgment entered pursuant to that order.

## ISSUE 2

Did the District Court err when it dismissed Ryan Fandrich's claim for wrongful discharge based on its conclusion that it was barred by the exclusive remedy provision of the Montana Human Rights Act?

In Count 1 of the second amended complaint, Ryan alleged that while he was dating Cathy he discovered that Rennerfeldt was sexually harassing, intimidating, and assaulting her. Ryan claimed that he complained to Anderson about the alleged conduct and informed Anderson that Ryan and Cathy were engaged. Ryan added that Anderson and Rennerfeldt then began to harass and intimidate Cathy, reassigned her to a cashier's position, and ultimately forced her to resign. Ryan alleged that he complained again, and his employer falsely accused him of incompetent work, demoted him, and eventually decreased his hours. He claimed that he was constructively discharged by Capital because his employer created and allowed a work environment which a reasonable person would find intolerable. Ryan further alleged that the constructive discharge was in retaliation for his threats to report Rennerfeldt's alleged conduct to state and federal authorities. As a result, Ryan claimed that his employer violated § 39-2-904(2), MCA.

The District Court concluded that if Ryan's allegations were true, Capital violated § 49-2-301, MCA, of Montana's Human Rights Act, and that the Act's provisions were, therefore, his exclusive remedy.

As stated previously, the Montana Human Rights Act applies to discrimination by the employer and the employer's agents. The Montana Human Rights Act prohibits retaliation against an employee who opposes discrimination in the workplace. Section 49-2-301, MCA, states:

> It is an unlawful discriminatory practice for a person, educational institution, financial institution, or governmental entity or agency to discharge, expel, blacklist, or otherwise discriminate against an individual because he has opposed any practices forbidden under this chapter or because he has filed a complaint, testified, assisted, or participated in any manner in an investigation or proceeding under this chapter.

Sexual harassment is the equivalent of discrimination in the workplace. *Harrison*, 797 P.2d **at 204.** Ryan **claims** he was terminated because he opposed alleged conduct which is prohibited by the Act. Therefore, Ryan is barred from bringing his claim pursuant to the Montana Wrongful Discharge From Employment Act because the Human Rights Act provides his exclusive remedy. Section 49-2-509(7), MCA (1987). We conclude that the District Court correctly dismissed Ryan's claim.

We affirm the judgment of the District Court.

_____
Justice

We concur:

_____
Chief Justice

10

Karla M. Gray

William E. Hunt Sr.

Justices

August 17, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Dale F. Myers
Attorney At Law
21 North Last Chance Gulch
Suite 210
Helena, MT 59601

John F. Sullivan
HUGHES, KELLNER, SULLIVAN & ALKE
P.O. Box 1166
Helena, MT 59624-1166

R.J. "Jim" Sewell, Jr.
SMITH LAW FIRM, P.C.
26 W. Sixth Avenue;
Box 604
Helena, MT 59624-0604


Karl R. Lindegren
Robert V. Schnitz
4675 MacArthur Ct., Suite 550
Newport Beach. CA 92660

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy