No. 03-691

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 382

MIKE C. VON PETERSDORFF,

   Plaintiff and Appellant,

  v.

KENYON NOBLE LUMBER COMPANY d/b/a
KENYON NOBLE LUMBER and HARDWARE,
a Montana Corporation,

   Defendant and Respondent.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
       In and for the County of Gallatin, Cause No. DV 2001-480
       The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     Geoffrey C. Angel, Attorney at Law, Bozeman, Montana

   For Respondent:

     Bill Hanson, Attorney at Law, Bozeman, Montana

        Submitted on Briefs: February 3, 2004

           Decided: December 28, 2004

Filed:

     _____
          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Mike C. Von Petersdorff brought an action in the Montana Eighteenth Judicial District Court in and for the County of Gallatin to recover wages alleged due him after his employment with Defendant Kenyon Noble Lumber Company ("Kenyon Noble") terminated. The District Court granted Kenyon Noble's motion for summary judgment on the grounds that Von Petersdorff had invoked his administrative remedy and did not exhaust his administrative appeals before filing suit in the District Court. From this Order, Von Petersdorff appeals. We affirm.

## ISSUE

¶2 We restate the appealed issue as follows:

¶3 Did the District Court err in granting summary judgment to Kenyon Noble on the grounds that Von Petersdorff was precluded from pursuing a district court action for his wage loss after first instituting and then abandoning the same claim in the administrative process?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Von Petersdorff was employed by Kenyon Noble for a period of slightly more than two years. Von Petersdorff alleged that as a benefit of employment he was entitled to receive ten days of vacation after being employed by Kenyon Noble for twenty-four months.

¶5 Von Petersdorff was terminated and filed a wage claim with the Montana Department of Labor and Industry Wage and Hour Unit ("the Department") to collect vacation pay. The Compliance Specialist overseeing Von Petersdorff's claim found that he failed to meet the

burden of proof that he was owed such compensation and dismissed Von Petersdorff's claim. Von Petersdorff did not pursue the claim further within the administrative process. Instead, he filed an action in the Gallatin County Justice Court. The Justice Court dismissed Von Petersdorff's claim with prejudice due to a lack of subject matter jurisdiction. Von Petersdorff then appealed to the District Court.

¶6 Kenyon Noble moved for summary judgment, claiming that Von Petersdorff chose his remedy at the administrative level, lost on the merits, failed to exhaust that remedy, and should therefore be precluded from resurrecting his claim in a new forum. Von Petersdorff responded that remedies under Hours and Wage Protection Act are cumulative, pursuant to § 39-3-408, MCA, and that he is thus allowed to seek remedy within both the administrative process and the District Court.

¶7 No material facts being in dispute, the District Court determined that summary judgment was appropriate, and concluded that Kenyon Noble's interpretation of the applicable law was correct. From this Decision and Order, Von Petersdorff timely appeals.

**STANDARD OF REVIEW**

¶8 We review a district court's grant of summary judgment *de novo*, applying the same evaluation under Rule 56, M.R.Civ.P., as the district court. *Glacier Tennis Club at the Summit, LLC v. Treweek Constr. Co., Inc.,* 2004 MT 70, ¶ 21, 320 Mont. 351, ¶ 21, 87 P.3d 431, ¶ 21 (citations omitted). In other words, the party moving for summary judgment has the initial burden of proving that there are no genuine issues of material fact that would permit a non-moving party to succeed on the merits of the case, and if the moving party

3

meets that burden, then the non-moving party must provide substantial evidence that raises a genuine issue of material fact in order to avoid summary judgment in favor of the moving party. *Glacier*, ¶ 21 (citations omitted). Once it is established that no genuine issues of material fact exist, the district court must then determine whether the moving party is entitled to judgment as a matter of law, and this Court reviews that determination to determine whether the district court erred. *Glacier*, ¶ 21 (citations omitted).

## DISCUSSION

¶9 Did the District Court err in granting summary judgment to Kenyon Noble on the grounds that Von Petersdorff was precluded from pursuing a district court action for his wage loss after first instituting and then abandoning the same claim in the administrative process?

¶10 Von Petersdorff claims that the District Court erred in granting summary judgment to Kenyon Noble in that it incorrectly interpreted § 39-3-408, MCA, and misapprehended our holding in *Stanley v. Holms* (1994), 267 Mont. 316, 322, 883 P.2d 837, 840. In *Stanley*, we reversed a district court's dismissal of an action to collect lost wages, concluding that the district court had erred in holding that a claimant could not file a lost wages action in the district court without first filing a claim with the Commissioner of Labor and Industry.

¶11 Von Petersdorff asserts that pursuant to § 39-3-408, MCA, a plaintiff may choose to pursue either an administrative remedy or a civil action, or both, because the provisions are cumulative. He claims the District Court erroneously interpreted "cumulative" to mean "either one or the other but not both." Von Petersdorff explains that he first filed a wage

4

claim before the Department, and that the Department found that he was entitled to only $9.50 of the $760.00 he had requested. Instead of appealing the Department's decision, he chose to file a civil action seeking the remaining unpaid wages.

¶12 Kenyon Noble concedes that Von Petersdorff's remedies were cumulative, but contends that "cumulative" means that he had the choice of two distinct remedies--he could either pursue his claim through the administrative procedures with the Department, or he could file an original action in the District Court. Kenyon Noble maintains that the District Court correctly determined that, once Von Petersdorff commenced an administrative proceeding, he was foreclosed from commencing a duplicate original action in the District Court.

¶13 Von Petersdorff replies, drawing our attention to *Stanley* and *Boegli v. Glacier Mountain Cheese Company* (1989), 238 Mont. 426, 777 P.2d 1303. He claims that in *Boegli*, we held that under § 39-3-408, MCA, a claimant need not exhaust administrative remedies before filing a claim in the district court. *Boegli*, 238 Mont. at 429, 777 P.2d at 1306. In *Boegli*, the claimant filed an original action in the district court without ever requesting an administrative remedy. *Boegli*, 238 Mont. at 427, 777 P.2d at 1304. *Boegli* is thus readily distinguishable from the case at hand; there, the claimant sought a remedy in one venue--the district court--and not both, as Von Petersdorff seeks to do here.

¶14 In *Stanley*, the claimant likewise filed a complaint to recover wages in the district court without first seeking a remedy at the administrative level. *Stanley*, 267 Mont. at 317, 883 P.2d at 837. We reversed the court's dismissal of his complaint, holding that, "a wage

5

claimant . . . may *either* seek administrative remedies through the Department of Labor and Industry *or* file his or her claim directly in district court." *Stanley*, 267 Mont. at 322, 883 P.2d at 840. (Emphasis added.) While Von Petersdorff maintains that the District Court misinterpreted *Stanley* when it concluded that *Stanley* supports two mutually exclusive options for a claimant--either filing a civil action, or filing an administrative claim, but not both--we do not see how the language of *Stanley* supports this claim.

¶15 In its Decision and Order, the District Court explained,

> Plaintiff had two options to get his case to the District Court; first, he could have filed his complaint against Defendant at the District Court originally, or second, by filing with [the Department] he could have proceeded through administrative remedies and then appealed to the District Court under § 2-4-702, M.C.A.

> *Stanley* clearly provides that a claimant under the Act has the option of seeking redress in *either* administrative proceedings or in the District Court. Plaintiff was entitled to seek redress in *either* venue, not both. The provisions of § 39-3-408, M.C.A., allow claimants to choose among the remedies available to them without restriction to a single manner of redress. However, a claimant must choose one remedy and follow it to conclusion. A claimant cannot open multiple cases for the same injury. Plaintiff is not entitled to resurrect his cause of action in the District Court after failing to conclude it in the administrative process.

(Emphasis in original.)

¶16 We agree. Based upon our review of the record, the statutes, and the applicable case law, we see no reason to disturb the District Court's conclusion that summary judgment was appropriate in this case.

## CONCLUSION

¶17 For the foregoing reasons, we affirm the District Court's grant of summary judgment.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ JIM RICE