**Candace REED, Plaintiff -Appellant,**

v.

**LIVINGSTON AUTO CENTER, INC., dba Yellowstone Country GMC, Truck, Pontiac, Buick, Oldsmobile, Defendant—Appellee.**

No. 04–35318.

D.C. No. CV–03–00074–RFC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2005.*

Decided Aug. 4, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Geoffrey C. Angel, Angel Law Firm, Bozeman, MT, for Plaintiff—Appellant.

Manny Goetz, Livingston, MT, pro se.

■■■■■■■■■■■■■■■■■■■■

Before NOONAN, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM**

While claimants are not required to exhaust administrative remedies before filing in the courts, it is clear that plaintiffs cannot pursue relief in successive forums. *Von Petersdorff v. Kenyon Noble Lumber Co.*, 325 Mont. 94, 103 P.3d 1082, 1085 (2004)("a claimant under the Act has the option of seeking redress in *either* administrative proceedings or in the district court." (emphasis in original)).

■■■■ Even in the absence of this precedent, it is clear that Reed's claims were barred by res judicata. Reed had already received the full amount of overtime wages she was owed; this determination would be preclusive in any future proceeding. Reed was already found to be barred from liquidated damages because of the clear good faith of her employer; this determination would be preclusive in any future proceeding. The only relief that Reed did not receive was an award of attorneys fees. State law specifically provides that no attorneys fees are available for any work done in an administrative proceeding, rather only those fees accrued in anticipation of a district court or appellate court proceeding are due. *See Chagnon v. Hardy Construction Co.*, 208 Mont. 420, 680 P.2d 932, 934 (1984). It would be preposterous to allow Reed attorneys fees for her appearance in district court, where the only relief she ever could receive would be those attorneys fees.

■■■■ The district court was not required to reach the issue of an attorneys fees award to the defendant, because Livingston Auto was pro se. However, pursuant to Montana Code Annotated 39-3-214, "a resulting judgment must include a reasonable attorney's fee in favor of the successful party." Attorneys fees are also available to prevailing defendants under the FLSA, within the limits of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Any motion for attorneys fees will be governed by Circuit Rule 39-1, whether requested under state or federal law.

The district court's dismissal is AFFIRMED.

■■■■■■■■■■■■■■■■■■■■

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.