NO.   95-529

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

SHARON POTEAT,

      Plaintiff and Appellant,

  v.

ST. PAUL MERCURY INS. CO.,
JOHN DOE I and JOHN DOE II,

      Defendants and Respondents.

FILED

JUN 25 1996

Carl Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twenty-First Judicial District,
        In and for the County of Ravalli,
        The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        John M. Morrison, Meloy & Morrison, Helena, Montana

      For Respondent:

        Stephen C. Berg, Warden, Christiansen, Johnson &
        Berg, Kalispell, Montana


Submitted on Briefs:   April 18, 1996

Decided:   June 25, 1996

Filed:

_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Sharon Poteat (Poteat) appeals the order of the Twenty-First Judicial District Court, Ravalli County, granting the motion of St. Paul Mercury Insurance Company (St. Paul) to dismiss her complaint for lack of subject matter jurisdiction.

We affirm in part, *reverse* in part, and remand.

The sole issue on appeal is whether the District Court erred by granting St. Paul's motion to dismiss Poteat's complaint for lack of subject matter jurisdiction.

On June 6, 1985, Poteat suffered a work-related injury during the course of her employment as a nurse at Marcus Daly Memorial Hospital in Hamilton. In 1990, Poteat filed a petition for a hearing before the Workers' Compensation Court, asserting that St. Paul, the hospital's insurer, refused to pay her claim. In 1992, the parties entered into a full and final compromise settlement agreement. By the terms of that agreement, Poteat accepted a lump sum payment but specifically reserved "future medical and hospital benefits." Subject to that reservation, Poteat accepted the lump sum and released St. Paul "from all further obligations for compensation benefits for this injury under the Workers' Compensation Act."

In 1993, Poteat filed suit in the District Court against St. Paul alleging various illegal trade practices. Specifically, Poteat alleged that St. Paul had committed:

> count One: unfair trade practices prior to the settlement agreement;

Count Two: breach of the settlement agreement;

Count Three: unfair trade practices subsequent to the settlement agreement; and

Count Four: actual malice, arising from St. Paul's alleged refusal to pay medical and pharmaceutical expenses.

St. Paul moved to dismiss the complaint for lack of subject matter jurisdiction, and the District Court granted the motion. In its order, the District Court noted that a complainant is statutorily prohibited from filing an UTPA suit against an insurer until after the underlying claim has been settled or adjudicated. Since Poteat had expressly reserved medical benefits, the District Court concluded that the settlement agreement was not a final settlement of the underlying claim. The District Court determined that it lacked subject matter jurisdiction to consider Poteat's unfair trade practices claims until the underlying claim had been adjudicated by the Workers' Compensation Court or settled entirely, including future medical benefits. It accordingly granted St. Paul's motion to dismiss Poteat's suit. Poteat appeals.

Did the District Court err by granting St. Paul's motion to dismiss Poteat's claim for lack of subject matter jurisdiction?

When deciding a motion to dismiss based on lack of subject matter jurisdiction, a district court must determine whether the complaint states facts that, if true, would vest the district court with subject matter jurisdiction. Barthule v. Karman (1994), 268 Mont. 477, 483, 886 P.2d 971, 975 (citing Stanley v. Holms (1994), 267 Mont. 316, 883 P.2d 837). This conclusion is a question of law, and we will review to determine whether the District Court's

3

interpretation of the law is correct. Barthule, 886 P.2d at 975 (citing In re Marriage of Barnard (1994), 264 Mont. 103, 870 P.2d 91)

The parties agree that Poteat brought her District Court complaint alleging unfair trade practices, breach of contract, and actual malice under the Montana Unfair Trade Practices Act (UTPA), §33-18-242,MCA. While the UTPA authorizes such suits, it specifically states:

> A third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim.

Section 33-18-242(6)(b), MCA. St. Paul argued, and the District Court agreed, that the settlement agreement in this case did not serve to settle the entire underlying claim because future medical benefits were reserved. Since the underlying claim involved workers' compensation, and since, pursuant to § 39-71-2905, MCA, the Workers' Compensation Court has exclusive jurisdiction over workers' compensation claims, the District Court determined that it had no jurisdiction to hear a TJTPA case unless and until Poteat obtained a judgment or settlement of the _entire_ underlying claim from the Workers' Compensation Court.

This conclusion, however, ignores the District Court's power to sever claims over which it has no jurisdiction, dismiss them, and proceed with those over which it does. Rule 42(b), M.R.Civ.P. Affirmative defenses such as lack of jurisdiction often may present grounds for severance or bifurcation in a multi-claim suit.

4

Britton v. Farmers Ins. Group (1986), 221 Mont. 67, 95, 721 P.2d 303, 321.

The order approving the full and final settlement agreement specified that "[f]urther medical and hospital benefits have been reserved by the claimant." Later, the order states more specifically that "[f]uture medical and hospital benefits have been reserved." By its terms, the "full and final compromise settlement" encompasses everything except future medical benefits. The rest of Poteat's claims--compensation and past medical benefits--were settled and the parties were bound to abide by the terms of the full and final settlement.

In contrast, Poteat's workers' compensation claim to future medical benefits was specifically exempted from settlement and remains unresolved. Since the underlying claim must be settled or adjudicated before a party is permitted to bring an independent action under UTPA, Poteat cannot proceed with any claim which encompasses unfair trade practices committed after settlement unless or until she obtains a judgment or settlement of the unresolved future medical benefits from the Workers' Compensation Court. Until such time, the District Court correctly determined that it did not have subject matter jurisdiction over such a claim. However, Poteat's underlying workers' compensation claims for compensation and past medical benefits have been fully settled. Those counts of her suit which encompass unfair trade practices committed before settlement have their basis in a valid existing settlement agreement. Since an underlying settlement is in place as mandated by § 33-18-242(6)(b), MCA, Poteat may legitimately

5

pursue a UTPA claim in the District Court regarding pre-settlement unfair trade practices.

Counts one and four of Poteat's suit allege actual malice and unfair trade practices before the settlement agreement. These allegations are not based on an underlying claim which has not been settled or adjudicated. In contrast, counts two and three allege breach of contract and unfair trade practices after the settlement agreement. These counts concern the issue of future medical benefits, which is a matter not yet settled by the parties nor adjudicated by the Workers' Compensation Court. Poteat may not proceed with an independent action under UTPA asserting the claims contained in counts two and three until the underlying claim for future medicals is resolved.

The District Court's determination that it did not have subject matter jurisdiction over counts two and three is affirmed. The District Court's determination that it did not have subject matter jurisdiction over counts one and four is reversed, and this case is remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices