**Cindy CARLSON, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY, a corporation, Defendant–Appellee.**

No. 99–36186.

D.C. No. CV–98–00122–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2001.*

Decided June 8, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Carlson appeals from the district court's summary judgment for State Farm Mutual Automobile Insurance Company (State Farm). The district court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review summary judgment de novo. *Estate of Shockley v. Alyeska Pipeline Serv. Co.,* 130 F.3d 403, 405 (9th Cir.1997). We also apply de novo review both to the district court's holding on the statute of limitations, *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir.1997), and to its interpretation of state law. *Trujillo v. County of Santa Clara,* 775 F.2d 1359, 1367 (9th Cir.1985). We affirm.

The Montana code section at issue provides, "The period prescribed for commencement of an action under this section is: ... (b) for a third-party claimant, within 1 year from the date of the settlement of or the entry of judgment on the underlying claim." Mont.Code Ann. 33–18–242(7)(b). On November 17, 1997, Carlson entered into an oral accord to settle her lawsuit. On December 10, 1997, Carlson executed a final release of State Farm's insured, and on December 12, 1997, State Farm tendered payment to Carlson. On

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir.R.36–3.

January 4, 1998, upon stipulation of the parties, the state court dismissed the underlying state action. Carlson initiated the present suit under the Montana Unfair Claims Settlement Practices Act (Act) on December 2, 1998.

Carlson argues that her present action was filed within the one year deadline prescribed by the Act. She first argues that the limitations period runs from either settlement or the state court's dismissal of the action pursuant to the parties' settlement, whichever is later.

When interpreting state law, we are bound by decisions of the state's highest court. *Strother v. S. Cal. Permanente Med. Group,* 79 F.3d 859, 865 (9th Cir. 1996). Under Montana law, "[t]he purpose of a court's interpretation of a statute is to effectuate the intent of the legislature. If the intent of the legislature can be determined from the plain meaning of the words used, the court may not go further or apply other means of construction." *Peris v. Safeco Ins. Co.,* 276 Mont. 486, 916 P.2d 780, 783 (Mont.1996) (internal citations omitted). Montana courts also "presume[ ] that the legislature does not pass meaningless legislation." *Id.* at 784. The phrase "date of the settlement of or the entry of judgment on the underlying claim" on its face precludes Carlson's position because her interpretation would render "settlement" superfluous in all cases where a lawsuit was brought, settlement reached, and the lawsuit dismissed as a condition of the settlement.

In addition, although the Montana Supreme Court has not had occasion to address the limitations period under the Act explicitly, it has dealt with a related provision of the Act, which specifies, "A third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim." Mont.Code Ann. 33–18–242(6)(b). In the context of this provision, the Montana Supreme Court has indicated that the word "judgment" does not mean the passive entry of an order of dismissal upon settlement by the parties but rather an active adjudication by the court on the merits. *See Poteat v. St. Paul Mercury Ins. Co.,* 277 Mont. 117, 918 P.2d 677, 679 (Mont.1996) ("underlying claim must be settled or adjudicated"). Further, the Montana Supreme Court has made clear that an action may be brought by a third-party claimant after settlement or adjudication, whichever happens sooner. *See id.* We hold that, under Montana law, the limitations period of the Act began running from Carlson's settlement.

Second, and in the alternative, Carlson argues that there was no "settlement" within the meaning of the statute until the agreement between the parties was fully executed by the tender of payment. The Montana Supreme Court has held that "the term 'settlement' as used throughout the [Act] is synonymous with an enforceable bilateral contract that discharges a future or existing obligation." *Watters v. Guar. Nat'l Ins. Co.,* 3 P.3d 626, 634 (Mont.2000). Since Carlson has conceded that she entered an enforceable bilateral contract on November 17, 1997, her second argument is untenable under Montana law.

AFFIRMED