JUSTICE NELSON
concurs.
¶29 I concur in the Court’s Opinion. I write separately to express an additional rationale.
¶30 As noted in the Court’s Opinion, the first and most obvious problem in this and similar cases is that the Montana Unfair Trade Practices Act (MUTPA) does not define “underlying claim.” While that failure might not pose a problem in non-workers’ compensation cases, it does where workers’ compensation claims are involved because of the various determinations that can be made as the worker’s case proceeds through the workers compensation system. Of necessity, the injured worker can, and often does, seek relief from the system at various times as her injury heals or regresses and as her disability status changes. Her “underlying claim” is always to obtain the statutory benefits to which she is entitled at that time, whether the case will be disposed of finally at that point or not.
¶31 As to the definition of common law bad faith “claims” the statute is no more helpful. Title 27, Chapter 2 of the Montana Code Annotated, does not define the word “claim” either. Title 27, Chapter 2, dealing with statutes of limitation, primarily is written in terms of “actions” or “causes of action” (although § 27-2-102, MCA, seems to include “claims” as an interchangeable substitute.)
¶32 Notwithstanding, a claim and an action are not precisely the same. Black’s Law Dictionary defines an action as “[a] civil or criminal judicial proceeding;” a “suit.” Black’s Law Dictionary 28-29 (7th ed. 1999). A claim, on the other hand, is defined in terms of “rights.” “The aggregate of operative facts giving rise to a right enforceable by a court.” Black’s Law Dictionary 240 (7th ed. 1999).
¶33 The Workers’ Compensation Act is written using the term “claim.” See generally, Title 39, Ch. 71, MCA. Hence, a common law bad faith “claim” is properly described-at least for workers’ compensation purposes-as the “aggregate of operative facts giving rise to a right [benefit] enforceable by [the Workers’ Compensation] court.”
¶34 Accordingly, as to workers’ compensation cases, it seems to me that, absent any statutory definition of “underlying claim” or “claim” the more appropriate interpretation of these words is the final *311 judgment on the particular operative facts giving rise to the dispute over the particular benefit at issue-as opposed to the final disposition of the action or cause of action that brought the injured worker before the court in the first instance.
¶35 In that respect, I respectfully disagree with the Dissent’s interpretation of Poteat v. St. Paul Mercury Ins. Co. (1996), 277 Mont. 117, 918 P.2d 677, and Brewington v. Employers Fire Ins. Co., 1999 MT 312, 297 Mont. 243, 992 P.2d 237.
¶36 In my view, underpinning Poteat and Brewington is the acknowledgment that different claims arise during the progress of an injured worker’s case through the system. Some claims are settled or are otherwise finally resolved. Other claims are left open or are reserved for later disposition. An MUTPA action can be filed in connection with the former; such an action cannot be filed with respect to the latter until there is a final judgment. Poteat, 277 Mont. at 120-21, 918 P.2d at 679-80.
¶37 The same is true of common law bad faith actions. The cause of action accrues when all the elements of the claim exist or have occurred. Where there are separate and independent torts, the cause of action accrues when all the elements of that tort exist or have occurred. Thus, the common law bad faith statute of limitations as to each cause of action may commence on different dates depending upon when the underlying judgment was entered as to the particular tort at issue. Brewington, ¶¶ 26-30.
¶38 The Dissent’s concerns that our decision will promote a multiplicity of law suits and serial litigation may well be true. On the other hand, the Court’s Opinion-which I believe is grounded in existing precedent-allows the injured worker to appeal any final judgment of the Workers’ Compensation Court as to a disputed claim whether the entire cause of action is finally disposed of or not. Thus, the injured worker is entitled to a speedy resolution of that claim. And, if the worker prevails, she will enjoy the relief and benefits to which she is then statutorily entitled without having to wait until the entire case is resolved-which in some cases may take years.
¶39 For these additional reasons, I concur.